DOROTHY J. MORGAN v. ROBERT K. MORGAN

No. 7328DC697

(Filed 6 February 1974)

1. **Divorce and Alimony §§ 16, 23— alimony and child support — reasonable needs — insufficiency of findings**

    Order awarding alimony and child custody and support to plaintiff wife must be set aside where the trial court failed to make findings of fact as to the reasonable needs of the wife and child to maintain a standard of living commensurate with that to which they had become accustomed while living with defendant and as to the ability of defendant to make the payments decreed.

2. **Divorce and Alimony § 24— visitation privileges — discretion of child**

    The trial court erred in making the visitation privileges granted the father subject to the discretion of the child.

APPEAL by defendant from *Weaver, District Court Judge,* 1 May 1973 Session of District Court held in BUNCOMBE County. Argued in the Court of Appeals 31 October 1973.

Plaintiff seeks alimony without divorce on the grounds of abandonment. She also seeks custody of, and support for, their 14 year old daughter. The case was tried before Judge Weaver, by consent sitting without a jury, upon its merits. Defendant stipulated that all issues be answered in favor of the plaintiff with the exception of the issues as to which of the parties was the dependent spouse and which was the supporting spouse.

The trial judge found that plaintiff abandoned defendant; that plaintiff was the dependent spouse and defendant was the supporting spouse; that defendant had an annual net taxable income of $35,000.00; and that both parties are fit and proper persons to have custody of their 14 year old daughter. Thereafter the trial judge decreed that defendant pay a total of approximately $22,800.00 annually to and for the benefit of plaintiff and their daughter. Defendant was granted specific visitation rights subject to the discretion of the daughter.

Defendant appealed.

*Morris, Golding, Blue and Phillips, by James N. Golding, for plaintiff.*

*Wade Hall, for the defendant.*

BROCK, Chief Judge.

Plaintiff filed in this Court a separate motion to dismiss the appeal. Consideration of the motion was postponed until after arguments. Plaintiff's motion to dismiss is now denied.

We do not comment upon the evidence offered at trial because there must be a new trial.

[1] The trial judge failed to make findings of fact to establish the reasonable needs of the plaintiff or the reasonable needs of the daughter to maintain a standard of living commensurate with that to which they had become accustomed while living with defendant. There must also be a full consideration of the ability of the supporting spouse to make the payments decreed. We make no comment concerning the amount of the payments required of defendant because we are unable to determine what evidence or facts were considered by the trial judge.

It is not necessary for the trial judge to make detailed findings of fact upon each item of evidence offered at trial. It is necessary, however, that he make the material findings of fact which resolve the issues raised. In each case the findings of fact must be sufficient to allow an appellate court to determine upon what facts the trial judge predicated his judgment.

[2] With regard to visitation rights granted defendant by the trial judge, the decree provides: "That said visitations shall be subject to the consent of Peggy Morgan and shall be discretionary with said child." Regardless of the specificity of the visitation privileges which preceded the above quoted provision, the latter provision renders the decree nugatory at the discretion of the daughter. While we realize that the preferences of a 14 year old are entitled to some weight in determining custody and visitation rights, it is error to allow the minor to dictate, at will from time to time, whether the judgment of the court is to be honored.

The judgment is vacated and a new trial is ordered.

New trial.

Judges BRITT and MORRIS concur.