EDWARD ANDREW POSTON v. MARY ELIZABETH POSTON

No. 7822DC446

(Filed 6 March 1979)

**Divorce and Alimony § 24.9— child support order—insufficient findings**

Trial court's child support order was insufficient where it contained no findings to establish the ability of the child's father to meet the needs of the child and contained no findings as to the child's reasonable needs for health, education and maintenance.

APPEAL by defendant from *Martin (Lester P.), Judge.* Order entered 15 February 1978 in District Court, IREDELL County. Heard in the Court of Appeals 5 February 1979.

This civil action was commenced on 4 December 1974, by plaintiff-husband against defendant-wife to obtain custody of the one minor child born of the marriage. Custody was granted to the plaintiff by an order of 23 December 1974.

On 12 June 1975, the defendant filed a motion for a change of custody due to changes in circumstances. Following a hearing on 14 July 1975, the motion was denied.

On 16 August 1977, the defendant filed another motion for change of custody, alleging change in circumstances brought about by defendant's remarriage. A reasonable amount of child support was also sought by the motion. A hearing was held on the motion on 20 September 1977. Evidence at the hearing showed that since her remarriage the defendant no longer was employed but was now a full-time homemaker in a new home and that her

new husband earned approximately $25,000 per year. The plaintiff continued to work in Charlotte, commuting to and from work from the home of his grandparents in Statesville, and making $300 per week in gross pay. In an order dated 4 October 1977, custody was transferred from the plaintiff to the defendant, thereby modifying the order of 23 December 1974. Support for the minor child was to be determined by the parties, or by evidence presented to the court at a future date.

On 29 November 1977, defendant filed a motion requesting child support and counsel fees, alleging that the parties could not reach an agreement regarding child support and that no child support had been paid since the entry of the 4 October 1977 order. Attached to this motion was an affidavit outlining the financial needs of the minor child and alleging that $800 per month was needed to support the child. The parties stipulated that the plaintiff made $300 per week in gross pay. A hearing on the motion was held on 6 December 1977 in Iredell County District Court. The judge found, in an order dated 15 February 1978, that the defendant was entitled to a reasonable amount of child support and the plaintiff had the ability to pay the sum of $25 per week. From this order, defendant appeals.

No brief filed for plaintiff appellee.

*Reginald L. Yates, for defendant appellant.*

CARLTON, Judge.

Defendant's three assignments of error are all based on the contention that the trial judge made insufficient findings of fact in the 15 February 1978 order. We agree.

The judgment of the trial court found, in part, the following:

III. That after obtaining custody the parties could not agree upon a fair and reasonable amount of child support and that defendant once again filed a motion for support on the 29th day of November, 1977, alleging that she was in need of $800.00 per month as adequate support for the said child.

IV. That the plaintiff is an able-bodied man who is currently employed at Robinson Electric Company, Inc., in Char-

lotte, North Carolina, and is earning approximately $303.00 per week; that plaintiff has travel expenses from his home in Statesville to his place of employment in Charlotte, as well as his living expenses.

V. That the plaintiff negotiated in good faith as to the amount of money he could reasonably pay for the support of his minor child; that he has the ability to provide a reasonable amount of support for the maintenance of said child, he being primarily responsible and the defendant being secondarily responsible for adequate and reasonable support; that the defendant has remarried to one David VerMeulen, who earns a salary in excess of $25,000.00 per year and furnishes an automobile and extensive health insurance coverage for his family; that he provides an expensive and spacious residence in an excellent neighborhood on four acres of land for his family, together with a swimming pool and pasture area in the rear of the house where horses and ponies are kept, and the plaintiff doesn't have these types of luxuries where he resides part of the time with his paternal grandparents and he is not financially capable of paying $800.00 per month for the support of his minor child.

VI. That it is further found by the Court that the sum of $25.00 per week is a reasonable amount for the plaintiff to provide for the support and maintenance of said minor child and that he does not have the financial capabilities to provide the entire amount of support for the child, and especially not able to provide monies for feeding the child's horse and many of the other financial needs as set out by the defendant in her affidavit attached to the motion for support for the minor child.

To support an award of payment for support, the judgment of the trial court should contain findings of fact which sustain the conclusions of law that the support payments ordered are in "such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case." G.S. 50-13.4(c), *Montgomery v. Montgomery*, 32 N.C. App. 154, 231 S.E. 2d 26 (1977), *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967).

In the order appealed from, the court concluded as a matter of law that

> . . . defendant is entitled to a reasonable amount of support from the plaintiff for the use and benefit of the minor child: that said plaintiff has the ability to pay a reasonable amount of child support and the sum of twenty-five ($25.00) dollars per week is a reasonable sum for said plaintiff to pay for the support and maintenance of said minor child.

The factual findings of the trial court do not support its conclusion of law that $25.00 is a reasonable amount of child support. The only finding relevant to what amount the plaintiff could pay in child support is the finding as to the weekly salary of the plaintiff, which had been previously stipulated by the parties. There was no finding about plaintiff's living expenses or net income. There was no finding made as to plaintiff's supplemental sources of income or his estate. An order for child support must be based not only on the needs of the child but also on the ability of the father to meet the needs. *Wyatt v. Wyatt*, 32 N.C. App. 162, 231 S.E. 2d 42 (1977). Clearly, the trial court's order, in the case at bar, failed to establish the ability of the father to meet the needs of the child. It merely concluded that the father was not able to provide the entire amount of requested support for the child.

The order, furthermore, fails to find as a fact what the actual needs of the minor child were. Evidence was presented itemizing the child's needs in the form of an affidavit by the defendant. However, no factual findings were made a part of the support order. This Court has, on several occasions, addressed this issue and recently, in *Hampton v. Hampton*, 29 N.C. App. 342, 343, 224 S.E. 2d 197, 199 (1976), stated:

> The court's findings also failed to support the award of child support. G.S. 50-13.4(c) requires "[p]ayments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child. . . ." Where the court does not make appropriate findings based on competent evidence as to what are the reasonable needs of the children for health, education, and maintenance, it is error to direct payments for their support. (Citations omitted.) No findings were made in the instant case concerning the needs of the children.

In the case at bar, the trial court's order is barren of any finding about the reasonable needs of the child for health, education, and maintenance as specifically required by G.S. 50-13.4(c).

The requirement for appropriate findings of fact and conclusions of law is designed to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system. Without such findings and conclusions, it cannot be determined whether the judge correctly found the facts or applied the law thereto. *Montgomery v. Montgomery, supra; Jones v. Murdock*, 20 N.C. App. 746, 203 S.E. 2d 102 (1974).

For the court's failure to make adequate findings to support its order, the order appealed from is vacated and the cause is remanded for further proceedings, findings, and determination.

Vacated and remanded.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.