MARION THORNTON EBRON v. CLIFFORD EBRON

No. 7814DC396

(Filed 6 March 1979)

**Divorce and Alimony § 24.5— child support—failure to find changed circumstances—increase improper**
   The trial court erred in ordering increased child support payments without making findings as to actual past expenditures for the children, the needs of the children, and defendant's present expenses which would show a substantial change of condition affecting the welfare of the children.

APPEAL by defendant from *Pearson, Judge.* Order entered 23 January 1978 in District Court, DURHAM County. Heard in the Court of Appeals 5 February 1979.

Plaintiff, Marion Ebron (also referred to as Marian), sued for absolute divorce, child custody, and child support. Judgment was entered 26 November 1975, granting the divorce, awarding custody to plaintiff, and ordering defendant to pay $125 per month as support for the two children of the parties. At that time defendant had net income of approximately $175 per week, with monthly expenses, including a $135 monthly car payment, in excess of his net earnings.

On 21 October 1977, plaintiff filed motion to require defendant to pay arrearage of $515 child support and one-half of the orthodontist expense of $1250. By amendment, plaintiff requested increase in the child support payments. The trial court entered order 23 January 1978, requiring defendant to pay the arrearage of $515, $650 of the orthodontist's bill, and increasing the child support payments to $60 per week. Defendant appeals.

*Arthur Vann, Sr. for plaintiff appellee.*

*Robert B. Jervis for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant does not argue in his brief that the trial court erred in its order with respect to payment of the arrearage of $515 and the payment of one-half the cost for the orthodontist's services. The order of the trial court as to these payments is affirmed.

Defendant does assign as error and argue in his brief the order for increased child support.

An order for child support may be modified upon motion and a showing of changed circumstances by either party. N.C. Gen. Stat. 50-13.7. The moving party has the burden of showing a substantial change of circumstances affecting the welfare of the child. *Blackley v. Blackley*, 285 N.C. 358, 204 S.E. 2d 678 (1974). The court must make findings of specific facts as to what actual past expenditures have been to determine the amount of support necessary to meet the reasonable needs of the child for health, education, and maintenance. *Steele v. Steele*, 36 N.C. App. 601, 244 S.E. 2d 466 (1978). The modification of the order must be supported by findings of fact, based upon competent evidence, that there has been a substantial change of circumstances affecting the welfare of the child. *Blackley v. Blackley, supra.* It is not necessary for the trial court to make detailed findings of fact upon all the evidence offered at trial. The order must contain the material findings of fact which resolved the issues raised. In each case the findings of fact must be sufficient to allow an appellate court to determine upon what facts the trial court predicated its judgment. *Morgan v. Morgan*, 20 N.C. App. 641, 202 S.E. 2d 356 (1974).

In the instant case, the trial court made no findings of fact as to the actual past expenditures for the children. The order contains no findings as to the needs of the children. *Coggins v. Coggins*, 260 N.C. 765, 133 S.E. 2d 700 (1963). The trial court found defendant's net income was $335 every two weeks. At the time of the previous order, 26 November 1975, defendant's net income was $350 every two weeks. The court failed to make findings concerning defendant's present expenses.

The court is not warranted in ordering an increase of child support in the absence of findings of fact supported by competent evidence to show a substantial change of condition affecting the welfare of the children. For the failure of the trial court to make such findings, that portion of the order of 23 January 1978 requiring increased child support must be vacated.

The order of 23 January 1978 is affirmed as to the payment of the $515 arrearage and $650 on the orthodontist's bill. The

order is vacated as to the increased child support payments, and remanded.

Affirmed in part, vacated in part, and remanded.

Chief Judge MORRIS and Judge CARLTON concur.