ELLEN CRISTEEN HATCHER DANIELS v. ERVIN H. HATCHER

No. 7918DC1072

(Filed 6 May 1980)

1. Divorce and Alimony § 25.10— modification of custody order sought—no showing of changed circumstances

Evidence was sufficient to support the trial court's findings that the parties' children who resided with plaintiff were healthy, above average in school, properly cared for, and happy in their environment, and that defendant had failed to show any substantial change of circumstances warranting modification of an earlier order giving custody to plaintiff.

2. Divorce and Alimony § 24.8— child support increased—insufficiency of findings

The trial court erred in increasing the amount of child support defendant was required to pay without first making findings as to actual past expenditures for the children, present reasonable needs of the children, and present expenses of plaintiff and defendant.

3. Divorce and Alimony § 27— child support order vacated—order awarding attorney fees also vacated

Because the order increasing child support payments is being vacated, the order awarding plaintiff attorney's fees must also be vacated, and the question of attorney's fees must be reconsidered only when and if the issue of whether plaintiff is entitled to an award of increased child support is determined in her favor.

4. Divorce and Alimony § 25.3— child custody—children's statements to third persons—exclusion as hearsay—children not permitted to testify

The trial court in a child custody proceeding properly excluded as hearsay statements allegedly made by the children to third parties, and the court did not abuse its discretion in refusing to place the children on the witness stand to testify as to where they wanted to live and why.

APPEAL by defendant from *Cecil, Judge.* Order entered 23 April 1979 in District Court, GUILFORD County. Heard in the Court of Appeals on 27 March 1980.

The following chronology of events appears to be without controversy:

1. On 3 November 1975 plaintiff, Ellen Cristeen Hatcher Daniels (formerly Ellen Cristeen Hatcher), and defendant, Ervin H. Hatcher, entered into a consent order whereby plaintiff was given primary custody of Jerri Ellen Hatcher, born 28 April 1966; Mary Cristeen Hatcher, born 31 December 1969; and Jonathan Ervin Hatcher, born 20 February 1971. The defendant was given certain visitation privileges and ordered to pay child support in the amount of $250.00 per month.

2. On 14 February 1977 plaintiff filed a motion in the cause seeking increased support payments for the children and, on 24 February 1977 served a set of interrogatories on defendant designed to elicit detailed information regarding his financial standing.

3. Defendant responded on 30 March 1977 and moved for a change of custody. He also filed objections to many of the interrogatories propounded by plaintiff, answered others, and served a set of interrogatories on her.

4. On 30 October 1978 defendant moved for summary judgment on the issue of custody and supported his motion with numerous affidavits respecting his and his second wife's fitness to have custody of the children.

5. Thereafter, following a series of hearings, the trial court entered an Order dated 23 April 1979 wherein it (1) dismissed defendant's motion for change of custody; (2) allowed plaintiff's motion for additional child support and ordered defendant to pay $390.00 per month plus all medical and dental bills for the children; (3) ordered extensive and specifically designated visitation privileges for defendant; (4) ordered defendant to pay plaintiff's attorney's fees in the amount of $2,350.00; and (5) found plaintiff in contempt of a previous order relating to defendant's visitation rights and ordered her to "forfeit to defendant the sum of one hundred dollars ($100) for contempt."

Defendant appealed.

*Charles R. Brown for the plaintiff appellee.*

*Max D. Ballinger for the defendant appellant.*

HEDRICK, Judge.

Defendant challenges those portions of the trial court's Order dismissing his motion for change of custody, increasing the amount of child support he must pay, and awarding plaintiff attorney's fees. We consider first his argument that the judge erred in denying his motion for custody and in concluding thereafter that the plaintiff is a fit and proper person to have the continued permanent custody of the three minor children.

[1]   Primary custody of the children was initially awarded to the plaintiff by the consent order entered on 3 November 1975. While an order awarding custody is not permanent in its nature, such order may be modified only upon a sufficient showing of changed circumstances. G.S. § 50-13.7(a); accord, Clark v. Clark, 294 N.C. 554, 243 S.E. 2d 129 (1978). The party moving for the modification has the burden of showing a substantial change of circumstances affecting the welfare of the child. "It must be shown that the circumstances have so changed that the welfare of the child will be adversely affected unless the custody provision is modified; . . ." Searl v. Searl, 34 N.C. App. 583, 587, 239 S.E. 2d 305, 308 (1977). While the court must make findings of fact to support its order, the court is not required to make findings in addition to a finding that the moving party has failed to prove a change in circumstances sufficient to warrant modification of the custody order. Id. Moreover, such a finding is conclusive on appeal if supported by competent evidence in the record. In re Williamson, 32 N.C. App. 616, 233 S.E. 2d 677 (1977).

In the present case the Order denying the defendant's motion for change of custody contains the following findings:

The Court [finds] from the evidence that the three minor children are healthy; they are above average in school, and that they are properly cared for and are generally happy in their present environment.

The Court further [finds] that the defendant has failed to show by the greater weight of the evidence any significant change of circumstances concerning the custody of the three minor children which would cause the Court to remove the children from the custody of the plaintiff and entrust the same to the custody of the defendant.

We have examined the extensive evidence in this case and have determined that it fully supports these findings. Furthermore, the findings are clearly more than ample to support the court's conclusion thereafter that the defendant had failed to carry his burden and that his motion for a change of custody should be dismissed. That portion of the Order denying defendant's motion for change of custody is affirmed.

[2] We next consider defendant's challenge to that portion of the Order decreeing an increase in child support payments. Here, we must agree that the Order is deficient.

As with the question of custody, the consent order entered 3 November 1975 determined the matter of child support by directing that defendant pay a specified monthly sum. Again, a modification of that order must be firmly founded upon a sufficient showing of changed circumstances by the moving party, here the plaintiff. G.S. § 50-13.7(a); *accord, Blackley v. Blackley,* 285 N.C. 358, 204 S.E. 2d 678 (1974); *Ebron v. Ebron,* 40 N.C. App. 270, 252 S.E. 2d 235 (1979). However, before the district court can order a change in the amount of the support payments, it "must make findings of *specific* facts as to what actual past expenditures have been to determine the amount of support necessary to meet the reasonable needs of the child for health, education, and maintenance." *Ebron v. Ebron, supra* at 271, 252 S.E. 2d at 236. [Emphasis added.] *See also Steele v. Steele,* 36 N.C. App. 601, 244 S.E. 2d 466 (1978). Additionally, the court must make findings as to the relative abilities of the parties to provide support. *Steele v. Steele, supra.*

The Order before us contains no findings as to actual past expenditures for the children. It contains no specific findings as to the present reasonable needs of the children. Although the court considered and made findings as to the respective incomes of plaintiff and defendant, the Order contains no findings as to the defendant's or the plaintiff's present expenses. Without definitive findings regarding the past and present needs of the children, and the abilities of the plaintiff and the defendant to meet these needs, it is impossible to understand how the court concluded that the monthly financial needs of the children "would be in an approximate amount of two hundred dollars ($200) for each

child, . . .", or to comprehend by what formula the court divided the total amount between the parties.

We are cognizant that, as children grow older, their financial needs most probably increase. Too, common sense dictates that their financial needs must increase rapidly in these days of runaway inflation and constantly rising costs. But, our law requires, and we think justly so, that the actual financial needs of the children be specifically determined in the order providing for their support. Parents also suffer the pangs of decreased spending power and increased living costs brought on by the spiraling inflation rate. While such pangs will not relieve a parent of his or her duty to support the child, we think the least the court can do, if it is going to increase the amount that a noncustodial parent must pay for the child's support, is to tell that parent why the increase is necessary.

The record before us is replete with evidence comparing the needs and expenses of the children at the time of the consent order with their needs and expenses at the date of the filing of the motion for increased support and the time of the several hearings leading to the Order. Likewise, there is evidence that the plaintiff's circumstances have changed, and that the defendant's expenses have increased. The court's failure to make specific findings from this evidence to resolve these matters necessitates that we vacate that portion of the Order increasing the award of child support. The cause must be remanded for the court to make the requisite definitive findings from the evidence in the present record to support any order increasing the amount of child support which the defendant must pay.

[3]  Lastly, defendant attacks that portion of the Order requiring him to pay the plaintiff's attorney's fees. Because the Order increasing the child support payments is being vacated, we think the Order with respect to attorney's fees must also be vacated. The question of attorney's fees must be reconsidered only when and if the issue of whether plaintiff is entitled to an award of increased child support is determined in her favor. At such time, upon reconsideration the trial court must be guided by the principles of law stated in the statute, G.S. § 50-13.6, which requires in relevant part:

In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit.

In our opinion, the court would abuse its discretion if, after determining that an increase in the award of child support was not warranted under the circumstances, it nevertheless proceeded to award attorney's fees to plaintiff. Moreover, the trial court cannot order the defendant to pay plaintiff's attorney for the time spent in representing her on the contempt citation stemming from her violation of the defendant's court-ordered visitation rights.

[4] We shall address but briefly defendant's contentions that the trial judge erred in refusing to require sworn testimony from these three children, who were seven, eight and twelve years of age at the time of the several hearings regarding their custody and support. Defendant implores this Court to "send a message" to the district court. He apparently wishes us, first, to rule that extrajudicial statements made by the children to third parties are admissible. To the contrary, such statements are clearly hearsay and inadmissible. 1 Stansbury's N.C. Evidence, *Hearsay* § 138 (Brandis rev. 1973). We think it unwise at best to carve out another exception to the hearsay rule which would ultimately permit the noncustodial parent and his allies to testify as to what the children have told him regarding the custodial parent. We think so not only for the reason that hearsay is intrinsically weak in probative value, but primarily because we believe the "tattle-tale" statements made by children of estranged or divorced parents to one parent about the other parent are even more suspect for their unreliability than is ordinary hearsay. A child who must cope with the frictions that usually abound between alienated adults vying for the child's attention and affection will curry favor from the party with whom he or she perceives favor to lie at the time. That is, in order to secure advantage, the child will say to the parent presently within earshot what he or she thinks that parent wishes to hear. Moreover, the child in such a situation is more likely to speak out of anger or fear or consternation or bitterness, and, for these reasons, too, his

or her statements to one parent about the other lose reliability and become more suspect for their truthfulness. Finally, and most important, we think it grossly unfair to subject innocent children, who are the true victims of custody disputes, to any more of the sordid bloodletting between their parents than is absolutely necessary. The threat that their statements might be used publicly to hurt someone whom they love exposes them to too much of the battle. We hold that the trial judge correctly excluded as hearsay statements allegedly made by these children to third parties.

By the same token, the judge correctly and wisely refused to bring these children into the courtroom, put them on the witness stand, make them face their mother on the one side and their father on the other, and "swear to tell the truth" about where they wanted to live and why. Allegations of misconduct and unfitness were hurled by this defendant-father at the plaintiff-mother. We shudder to imagine the questions these children might have been asked. Just as mightily, we shudder at the prospect of publicly placing these young children in the middle of their parents' hotly-contested fight for their custody. The record discloses that the judge talked in chambers with each child individually. Their responses were recorded, and counsel for each side was present. Even this relatively unobtrusive procedure was discomfiting for the children. Nevertheless, it is clear from their discussions with the judge and from the evidence as a whole that these children genuinely love and enjoy being with both of their parents, that they are relatively happy with their lot in life, and that they are well cared for. It is well and soundly settled in this State that the trial judge's decision whether to hear the children in open court or in chambers is broadly committed to his discretion. *See Hinkle v. Hinkle*, 266 N.C. 189, 146 S.E. 2d 73 (1966); *Brooks v. Brooks*, 12 N.C. App. 626, 184 S.E. 2d 417 (1971). We hold that the trial judge correctly chose to exercise his discretion to keep these children off the witness stand.

Defendant has brought forward other assignments of error which we have considered. We find them repetitious and meritless.

The result is: That portion of the Order dismissing the defendant's motion for a change of custody is affirmed; those por-

tions of the Order awarding plaintiff increased child support and attorney's fees are vacated. The cause is remanded to the District Court to make definitive findings of fact with respect to the motion for increased child support and attorney's fees from the present record, to draw appropriate conclusions from such findings, and to enter the appropriate order consistent with this Opinion.

Affirmed in part; vacated and remanded in part.

Judges ARNOLD and ERWIN concur.