PAULA DAVIS BARNES v. SAMUEL LEAR BARNES

No. 8128DC470

(Filed 2 February 1982)

**Divorce and Alimony § 25.10— custody—failure to show changed circumstances**

    The trial court did not err in dismissing plaintiff's motion for change of custody of the parties' minor child from defendant father to plaintiff mother where plaintiff presented evidence of her changed circumstances, but made no showing that the child's welfare was being affected adversely by her present environment. A showing of changed circumstances so as to adversely affect the child is required where the question of custody is determined pursuant to a consent judgment, just as it is required where the question of custody is litigated, as the terms of a consent judgment relative to child custody are adopted by the court in its finding of facts and conclusions of law. G.S. 50-13.7(a).

APPEAL by plaintiff from *Styles, Judge.* Order entered 11 February 1981 in District Court, BUNCOMBE County. Heard in the Court of Appeals 6 January 1982.

This is an appeal from dismissal of plaintiff's motion for change of custody of the parties' minor child, Sarah Jane Barnes, from defendant father to plaintiff mother. Custody had been granted to the father pursuant to a consent judgment between the parties which was incorporated into the divorce decree. The mother previously had custody under the terms of a separation agreement.

The mother presented evidence at trial showing that she had remarried, that she and her second husband had a son, and that they could provide a stable home environment for Sarah Jane. She presented no evidence that the father was not a fit and loving parent.

At the close of plaintiff's evidence, the trial court granted a directed verdict in favor of the defendant father. Plaintiff's motion was dismissed on grounds that she had failed to present evidence that circumstances had so changed as to adversely affect Sarah Jane's welfare absent a change in custody. Plaintiff appeals.

*George H. Johnson, Jr., for plaintiff appellant.*

*Sutton and Edmonds, by John R. Sutton, for defendant appellee.*

ARNOLD, Judge.

Plaintiff's appeal is grounded on her contention that a showing of changed circumstances so as to adversely affect the child is not required where the question of custody never has been litigated. It is well-settled that a contractual agreement between the parents is not binding on the court in awarding custody of a minor child. *Spence v. Durham,* 283 N.C. 671, 198 S.E. 2d 537 (1973), *cert. denied,* 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed. 2d 473 (1974). However, it does not follow that the terms of a consent judgment regarding custody may be altered without a showing of changed circumstances.

At the time of the parties' divorce, the terms of their consent judgment relative to child custody were adopted by the court in

its findings of fact and conclusions of law. Custody was then awarded to defendant as part of the divorce judgment, not merely by agreement of the parties. Where custody has thus been awarded by court order any subsequent modification must be made in accordance with G.S. 50-13.7(a) which states:

> An order of a court of this state for custody or support, or both, of a minor child may be modified or vacated at any time, upon a motion in the cause and a showing of *changed circumstances* by either party or anyone interested. (Emphasis added.)

Case law construing this provision has clearly established that a showing of "substantial change of circumstances affecting the welfare of the child" is required before an order of custody is changed, *Daniels v. Hatcher*, 46 N.C. App. 481, 483, 265 S.E. 2d 429, 431 (1980), and that the burden of showing such changed circumstances is on the moving party. *Ebron v. Ebron*, 40 N.C. App. 270, 252 S.E. 2d 235 (1979). In the case at bar, the plaintiff presented evidence of her own changed circumstances, but made no showing that the child's welfare was being affected adversely by her present environment. Indeed, plaintiff's counsel stipulated that both parties were fit and proper persons to have custody of their child. We agree with the trial court, therefore, that the plaintiff failed to meet her burden of showing changed circumstances sufficient to justify a change of Sarah Jane's custody. Accordingly, the dismissal of plaintiff's motion is

Affirmed.

Judges MARTIN (Harry C.) and WELLS concur.