SHERRON L. TUCKER WALKER v. CLETUS RAYVON TUCKER

No. 8318DC937

(Filed 17 July 1984)

1. **Divorce and Alimony § 24.8— child support—changed circumstances—needs of supporting parent not shown**

　　The trial court erred in ordering defendant to pay the sum of $150 per month for the support of one of his minor children without making specific findings of fact regarding his needs for the support of himself and the child in his custody.

2. **Divorce and Alimony § 24.8— child support—changed circumstances—past expenses not shown**

　　The trial court erred in ordering that defendant pay an increase in child support, although the court made findings of fact which indicated that the needs of the child had increased, since there was no finding as to the actual past expenses of the child which was required to show a substantial change of circumstances. G.S. 50-13.7.

3. **Divorce and Alimony § 27— child support order vacated—award of attorney's fees vacated**

　　Because that part of the trial court's order increasing child support payments is vacated, the award of attorney's fees to plaintiff is also vacated.

APPEAL by defendant from *Yeattes, Judge.* Judgment entered 27 April 1983 in District Court, GUILFORD County. Heard in the Court of Appeals 5 June 1984.

Plaintiff Sherron L. Tucker Walker and defendant Cletus Rayvon Tucker are the parents of two minor children, Cletus Rayvon Tucker, Jr. (Von) and Tabatha Sharene Tucker (Tabatha). On 18 January 1978, when both children were residing with the plaintiff mother, the parties entered into a consent order whereby plaintiff would have custody of the children and defendant would

pay to plaintiff the sum of $260 per month for their support until each child reached the age of eighteen years.

In June of 1982 Von Tucker moved out of the house being occupied by his mother, sister, and stepfather and moved in with his paternal grandmother. In December of 1982 Von moved in with defendant with plaintiff's permission. Defendant paid $260 per month to plaintiff for the support of the children until January of 1983 and paid an additional $260 in March of 1983.

On 18 February 1983 defendant filed a motion requesting that he be granted custody of the two minor children and that plaintiff be required to contribute to their support or, in the alternative, that he be granted custody of Von Tucker and that each parent be directed to support the child in his or her custody. Plaintiff then filed a counter-motion on 9 March 1983 seeking an increase in the amount of support payable by defendant.

On 27 April 1983 a hearing was held before the Honorable John F. Yeattes, Jr. at which time the court ruled that custody of Tabatha Tucker remain with plaintiff. Upon stipulation of the parties, the court ruled that the custody of Von Tucker be awarded to defendant. Defendant was ordered to pay $150 per month for the support of Tabatha Tucker and was also directed to pay $400 for plaintiff's attorney's fees. From this order, defendant appeals.

*Charles L. Cromer for defendant appellant.*

*Wyatt, Early, Harris, Wheeler and Hauser, by A. Doyle Early, Jr., for plaintiff appellee.*

ARNOLD, Judge.

[1] Defendant first contends that the trial court erred in ordering him to pay the sum of $150 per month for the support of Tabatha Tucker without making specific findings of fact regarding his needs for the support of himself and the child in his custody, Von Tucker. We agree and hold that the order is vacated and the cause remanded for further findings.

The statute which controls the determination of child support is G.S. 50-13.4(c), which provides:

Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, the child care and homemaker contributions of each party, and other facts of the particular case.

In other words, the court must consider not only the needs of the child, but also the ability of each parent to pay. *Roberts v. Roberts*, 38 N.C. App. 295, 248 S.E. 2d 85 (1978). The ability to pay should be indicated by the order of child support, in which the court must make specific findings of fact which take into account the particular estates, earnings, conditions, and accustomed standard of living of both the child and the parents. *Dishmon v. Dishmon*, 57 N.C. App. 657, 292 S.E. 2d 293 (1982). Specifically, these findings must address the living expenses incurred by the parties. *See Poston v. Poston*, 40 N.C. App. 210, 252 S.E. 2d 240 (1979).

In the case at bar, the court made the following pertinent findings of fact:

6. The needs of the minor child have increased substantially since the previous Orders of this Court, and said minor child has present individual monthly needs as follows:

| | | |
|---|---|---|
| Food at home | — | $160.00 |
| School lunches | — | 30.00 |
| Clothing | — | 20.00 |
| Personal care | — | 10.00 |
| Recreation | — | 20.00 |
| Uninsured medical and dental expenses | — | 10.00 |
| Educational expenses | — | 7.00 |
| Prescription drugs | — | 10.00 |
| | | $267.00 |

7. The plaintiff has remarried and she and her present husband have reasonable fixed expenses of $905.00 for house payment, household maintenance and repair, electricity, water, telephone, the plaintiff's car payment and maintenance, gas and insurance on the plaintiff's car.

8. During 1982, the defendant received $10,523.54 as compensation from ABC Bonding Company of Winston-Salem, Inc., received approximately $3,150.00 in rents for two trailers that he owns, for a total gross reported income of $13,673.00 in 1982. In 1981, the defendant had four W-2s and reported a total of $22,013.00 income, and the defendant had approximately $2,405.00 in income from rental of his two trailers. The defendant has liquidated his security and personnel business and is currently seeking employment. The defendant has a note receivable of which $3,000.00 was paid to him in January, 1983 and the balance of $4,500.00 is payable to the defendant in June, 1983. These proceeds were derived from the sale of Alpha Company. As of December 31, 1982, the defendant and his present wife had a balance of $3,020.71 in their joint savings account and for the last 14 months prior to the hearing of this matter, there were deposits in the joint account of the defendant and his present wife of $41,304.00, for an average deposit of $2,950.00 per month. According to the defendant, approximately $15,000.00 of these deposits were due to his present wife's income, several thousand were attributable to simply transfers of funds for the purchase of certificates of deposit. For the period ending January 6, 1983, there was $2,260.00 deposited in the account, for the period ending February 3, 1983, there was $1,654.00 deposited in this account, and for the period ending March 3, 1983, there was $1,260.00 in the account, with an ending balance of $1,384.41 as of March 3, 1983. The defendant owns his home as tenants by the entirety with his present wife and owns two other pieces of real estate in his name individually. There is substantial equity in all the real estate owned by the defendant, as well as the homeplace which is valued by the defendant at approximately $37,000.00 with a $28,000.00 indebtedness. The defendant owns two mobile homes with no indebtedness on them, and rents them for approximately $350.00 per month. The defendant owns a 1979 Thunderbird automobile, a 1974 Chevy automobile, a 1974 Oldsmobile automobile, a 1967 Dune Buggy and a 1973 Honda Motorcycle. The defendant is an able-bodied man and is capable of earning a substantial income and capable of paying adequate support for the maintenance of his daughter based upon his actual earnings, his present assets and his earning capacity.

9. The plaintiff had earnings in 1982 from Ladd Furniture Company and Thomasville Medical Associates of $7,803.86. The plaintiff's net income is $546.00 per month after deduction of taxes, social security and insurance for herself. Other than the home owned by the plaintiff and her present husband as tenants by the entirety, the plaintiff has no savings account or other assets and is without sufficient funds to defray the necessary expenses of the defense of this action or the prosecution of her counterclaim.

10. Although her needs greatly exceed this amount, the defendant is capable of paying $150.00 per month for the support of said minor child as his contribution to her support after consideration of income, earning capacity and estate of both parties, the needs of the minor child, the reasonable needs of the plaintiff and the defendant, the fact that the older child is living with the defendant, and such other circumstances as brought to the attention of the Court in this matter.

11. That as soon as the oldest child went to live with the defendant, the defendant cut his $260.00 per month child support payments to $130.00 for January and February and ceased all payments for the support of his minor daughter for March and April 1983. The defendant was capable of paying at least $130.00 per month for March and April 1983 and the minor child had needs far in excess of this amount during those two months, and the defendant should pay this arrearage in child support.

12. As a result of the filing of this action for custody by the defendant, which amount was denied after the defendant's evidence, and as a result of the filing of a motion to decrease child support, which motion was denied after the end of the defendant's evidence, and after a request by the plaintiff that the defendant pay adequate child support, which the defendant had refused to do, the plaintiff was required to retain the services of an attorney to represent her and the minor child in the defense of this action for custody brought by the defendant and for the prosecution of her action to retain custody and to obtain child support arrearage, and an increase in the amount of child support. Said attorney

has expended in excess of 14-½ hours in the representation of the plaintiff and the minor child in this matter including telephone conferences, office conferences, correspondence, negotiations, preparation of pleadings including interrogatories, subpoenas, preparation for trial in the hearing of this matter, and drafting of this Order. In consideration of said attorney's skill and expertise in the area of Family Law and the usual charges by other attorneys of comparable skill and experience in the area of Family Law, the sum of $60.00 per hour is a reasonable compensation to be paid in this type case, and an attorney's fee of $870.00 is deemed reasonable. However, under the circumstances of this case, and the consideration of the previous retainer paid by the plaintiff to the defendant, the defendant is only required to pay a portion of the plaintiff's attorney fee in the amount of $400.00.

Upon reviewing the findings of fact made by the trial court we find that the court committed error in failing to take into account the living expenses of defendant and the minor child, Von Tucker, in determining the award of support.

In support of its conclusion that defendant was able to pay child support in the amount of $150 per month, the court simply made findings as to defendant's income and various assets. Finding of fact No. 10, in which the court stated that ". . . the defendant is capable of paying $150.00 per month for the support of said minor child as his contribution to her support after consideration of income, earning capacity and estate of both parties, the needs of the minor child, the reasonable needs of the plaintiff and the defendant, the fact that the older child is living with the defendant, and such other circumstances as brought to the attention of the Court in this matter," is, in actuality, a conclusion of law and, as such, must itself be based on supporting findings. *See Coble v. Coble,* 300 N.C. 708, 268 S.E. 2d 185 (1980).

Although this Court is aware that the trial judge may indeed have given consideration to the expenses of defendant for his own personal needs and the needs of the child in his custody, the fact that the court failed to make specific findings to this effect in its order compels us to order that the judgment be vacated and the cause remanded for further findings. As the Supreme Court of North Carolina stated in *Coble, supra,* "It is not enough that

there may be evidence in the record sufficient to support findings which *could have been made*. The trial court must itself determine what pertinent facts are actually established by the evidence before it, and it is not for an appellate court to determine *de novo* the weight and credibility to be given to evidence disclosed by the record on appeal." 300 N.C. at 712-13, 268 S.E. 2d at 189.

[2]　We also agree with defendant that the court erred in ordering that he pay an increase in child support without making specific findings showing a substantial change of circumstances with regard to the needs of the child. Under G.S. 50-13.7, an order of child support may be modified upon motion and a showing of changed circumstances by either party. This Court has held that, in order to show a substantial change of circumstances, "[t]he court must make findings of specific facts as to what actual past expenditures have been to determine the amount of support necessary to meet the reasonable needs of the child for health, education, and maintenance." *Ebron v. Ebron*, 40 N.C. App. 270, 271, 252 S.E. 2d 235, 236 (1979). In the case at bar, although the court made findings of fact which indicated that the needs of the child had increased, there was no finding as to the actual past expenses of the child. The bare statement found in Finding of Fact No. 6 that "[t]he needs of the minor child have increased substantially since the previous Order of this Court," and the accompanying list of monthly needs do not, by themselves, justify an increase in child support. On remand, we direct the trial court to make the appropriate findings of fact with regard to past expenditures made on behalf of the minor child.

[3]　In addition, defendant contends that the trial court erred in ordering him to pay plaintiff's attorney's fees. Because that part of the order increasing support payments is vacated, we find that the award of attorney's fees to plaintiff must also be vacated. As stated by this Court in the similar case of *Daniels v. Hatcher*, 46 N.C. App. 481, 265 S.E. 2d 429 (1980):

> The question of attorney's fees must be reconsidered only when and if the issue of whether plaintiff is entitled to an award of increased child support is determined in her favor. At such time, upon reconsideration the trial court must be

guided by the principles of law stated in the statute, G.S. § 50-13.6, which requires in relevant part:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expenses of the suit.

In our opinion, the court would abuse its discretion if, after determining that an increase in the award of child support was not warranted under the circumstances, it nevertheless proceeded to award attorney's fees to plaintiff.

46 N.C. App. at 485-86, 265 S.E. 2d at 432-33.

Lastly, defendant contends that the court erred in instructing plaintiff's attorney to submit to the court a proposed order, including suggested findings of fact and conclusions of law. Defendant argues that the trial judge should have prepared the order himself, rather than delegate that duty to plaintiff's counsel. We do not agree with this contention. Defendant has cited no authority for his position. Moreover, defendant neither submitted an alternate order nor objected at trial to that order proposed by plaintiff.

In conclusion, the trial court's order is vacated and remanded to District Court, Guilford County, with instructions that the court make those necessary findings of fact with regard to the living expenses of defendant for himself and for the minor child in his custody and with regard to the past expenditures made on behalf of the minor child in the custody of plaintiff. If such findings are in fact made, the court may, at that point, reconsider the issue of attorney's fees.

Vacated and remanded.

Judges WHICHARD and EAGLES concur.