GLENDA FAYE DAVIS v. MACK DEAN DAVIS

No. 8215DC818

(Filed 7 June 1983)

**Divorce and Alimony §§ 16.9, 18.16— award of alimony and counsel fees—sufficiency of findings**

The trial court's findings were sufficient to support its conclusions and order directing defendant to pay permanent alimony to plaintiff in an amount of $200.00 per month; however, the court's findings were insufficient to support its order requiring defendant to pay $250.00 in counsel fees for plaintiff's attorney where there was no finding that plaintiff was unable to defray the expense of prosecuting the suit. G.S. 50-16.3; G.S. 50-16.4.

APPEAL by defendant from *Washburn, Judge.* Judgment entered 20 April 1982 in District Court, ALAMANCE County. Heard in the Court of Appeals 19 May 1983.

This is a civil action wherein plaintiff seeks permanent alimony and counsel fees from defendant.

After a trial the trial judge made findings of fact which are set out below:

1. That plaintiff and defendant are citizens and residents of Alamance County, North Carolina, and were married each

to the other on or about the 22nd day of December 1974, and that there were no children born to the marriage.

2. That plaintiff is employed and currently earns $4.90 per hour and has an average net take home pay of approximately $150.00 per week; that defendant is employed as a salesman and earns a salary plus commissions and owns an interest in two hosiery mills; that during 1980 defendant earned approximately $32,000.00 and had net earnings in excess of $25,000.00 after all business expenses; that in 1981 defendant had salaries and commissions and other earnings of approximately $26,000.00.

3. That during 1982 through the month of March, the defendant had received no commissions but had received salaries in the sum of $1,065.00 per month for the months of January, February and March of 1982.

4. That for several months prior to the date of separation of plaintiff and defendant on October 15, 1980, defendant became an excessive user of alcohol, which although said use of alcohol did not interfere with the work of defendant, it did interfere with the relationship existing between plaintiff and defendant in their married life and on several nights during the months immediately preceding October 15, 1980, defendant remained away from home all night long without making any explanation to plaintiff as to his whereabouts and, in fact, on the night of September 19, 1980, defendant remained away from home all night and was seen early the next morning at approximately 7:00 a.m. in the neighborhood of the residence of one Sue Williams.

5. That on at least one occasion during the months immediately preceding October 15, 1980, defendant physically abused and assaulted plaintiff.

6. That as a result of the continuing course of conduct of the defendant toward plaintiff, plaintiff left the house wherein plaintiff and defendant had resided on October 15, 1980.

. . .

9. That plaintiff has reasonable monthly living expenses of approximately $1,000.00 and has no indebtedness except

her mobile home payments in the sum of $198.00 per month and her automobile payment in the sum of $204.00 per month, and that plaintiff is in substantial need of support from defendant.

Based on its findings of fact, the trial court made the following conclusions of law:

. . .

2. That the plaintiff is the dependent spouse within the meaning of Chapter 50 of the General Statutes of North Carolina and that the defendant is the supporting spouse within the meaning of Chapter 50 of the General Statutes of North Carolina.

3. That plaintiff is substantially in need of support from defendant.

4. That the actions of defendant in excessively using alcohol, physically abusing plaintiff, remaining away from home overnight without offering any explanation to plaintiff constitute such indignities to the person of the plaintiff so as to render her life burdensome and her condition intolerable, and that the act of the defendant of padlocking the residence of plaintiff and defendant from the home of plaintiff and defendant revives said indignities even had there been any condonation of the same on the part of the plaintiff as a result of the acts of sexual intercourse between plaintiff and defendant which took place during November, 1980.

5. That plaintiff is entitled to permanent alimony and counsel fees as by law provided.

The trial court then ordered defendant to pay $200.00 per month in alimony and $250.00 in attorney's fees to the Clerk of Superior Court of Alamance County for disbursement to plaintiff and her attorney. From this order, defendant appealed.

*Edwards & Atwater, by Phil S. Edwards for plaintiff, appellee.*

*David I. Smith for defendant, appellant.*

HEDRICK, Judge.

The only question raised by defendant's several exceptions and assignments of error is whether the findings of fact support the conclusions of law and whether the conclusions of law support the order entered by the trial court.

*Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982), directs the trial court, when making a determination of alimony under N.C. Gen. Stat. Sec. 50-16.5(a), to make conclusions of law to the effect that (a) the "circumstances render necessary" a designated amount of alimony, (b) the supporting spouse has the ability to pay the designated amount, and (c) the designated amount is fair and just to all parties. *Id.* at 453, 290 S.E. 2d at 659.

Having carefully reviewed the record on appeal, we are of the opinion that the findings of fact in the trial court's order support the conclusions of law and that the conclusions of law support the order directing defendant to pay permanent alimony to plaintiff in the amount of $200.00 per month.

However, the findings of fact and conclusions of law drawn therefrom are insufficient to support the trial court's order that defendant pay counsel fees of $250.00. Specifically, there is no finding that plaintiff is unable to defray the expense of prosecuting the suit. Such a finding is required both by statutes N.C. Gen. Stat. Secs. 50-16.4 and 50-16.3, and case law, *Guy v. Guy*, 27 N.C. App. 343, 219 S.E. 2d 291 (1975).

The result is: That portion of the trial court's order requiring defendant to pay permanent alimony to plaintiff at the rate of $200.00 per month is affirmed. That portion of the trial court's order requiring defendant to pay counsel fees in the amount of $250.00 is vacated.

Affirmed in part, vacated in part.

Judges WELLS and PHILLIPS concur.