BILLIE E. HOLDER v. LAYON B. HOLDER

No. 877DC314

(Filed 17 November 1987)

1. **Divorce and Alimony § 24.8— child support—insufficiency of evidence to support increase—no change in parents' ability to pay**

    A general finding that a child was older and that inflation had occurred was inadequate to support an order of increased support payments; furthermore, the court's findings did not demonstrate any substantial change in the relative ability of the parents to pay support.

2. **Divorce and Alimony § 30— equitable distribution—no consideration of fault**

    There was nothing in the record tending to show that the trial court impermissibly considered fault of either party in the equitable distribution of marital assets.

3. **Divorce and Alimony § 30— equitable distribution—reliance on parties' division of personal property improper**

    Where there was no evidence of a written agreement in the record and no affirmative assurance that the parties were in agreement concerning the division of personal property, the trial court's reliance on the parties' oral agreement or existing division of personal property was error, and any marital personal property should have been included in the equitable distribution of the parties' property. N.C.G.S. § 50-20(d).

**4. Divorce and Alimony § 27— alimony and child support—attorney fees—award not specific**

Though plaintiff was entitled to attorney fees for the legal costs of pursuing her alimony claim, she was not entitled to attorney fees for her child support action because there was no finding that defendant refused to provide adequate child support under the circumstances existing at the institution of the proceeding; however, the award must be vacated where there was no way to determine to what facet or facets of the case the award was attributable, and where the award was not supported by any findings as to the time spent, skill required, nature of services, hourly rate, or customary rate.

APPEAL by defendant from *Sumner, Judge.* Order entered 12 December 1986 in District Court, EDGECOMBE County. Heard in the Court of Appeals 20 October 1987.

*Knox and Kornegay, by Howard A. Knox, Jr., for plaintiff-appellee.*

*Moore, Diedrick, Carlisle and Hester, by J. Edgar Moore, for defendant-appellant.*

BECTON, Judge.

I

This is an appeal from a court-ordered child support modification, an equitable distribution of marital property, and an award of attorney fees.

Plaintiff, Billie E. Holder, and defendant, Layon B. Holder, were married on 10 May 1971 and separated on 22 December 1982. A 21 February 1983 order of Edgecombe County District Court awarded the plaintiff wife custody of the parties' minor child, Layon Buie Holder, denied the plaintiff's request for alimony *pendente lite*, and directed the defendant husband to pay child support of $300.00 monthly and plaintiff's attorney's fees of $150.00. The court found facts regarding the respective incomes of the parties but made no findings on their expenses or estates, nor findings concerning the needs of the child. Apparently neither party appealed from that order.

Plaintiff instituted an action for absolute divorce on 17 September 1984 and simultaneously filed motions for an increase in child support, permanent alimony, an equitable distribution of marital property, and attorney fees. Judgment of divorce was en-

tered on 12 December 1986. Following a hearing, a separate order was entered the same day increasing defendant's child support payments to $550.00 per month, dividing the marital real estate, reawarding custody of the child to plaintiff, denying her request for alimony, and directing defendant to pay $750.00 for his wife's attorney fees.

Defendant appeals from the 12 December 1986 order, challenging the sufficiency of the findings of fact supporting the child support modification, equitable distribution, and award of attorney fees, and, further, alleging error in the trial judge's failure to divide personal property and in his consideration of marital fault in the equitable distribution proceeding. For the reasons discussed hereafter, we vacate those portions of the order relating to child support, equitable distribution, and attorney fees, and remand for further proceedings.

II

*Child Support Modification*

Defendant first contends that the trial court's findings do not support the child support award.

Before ordering an increase in child support, the trial court must find facts, supported by competent evidence, which show that there has been a substantial change of circumstances affecting the welfare of the child. *E.g., Ebron v. Ebron,* 40 N.C. App. 270, 252 S.E. 2d 235 (1979). The court must hear evidence and make findings of specific facts regarding actual past expenditures and present reasonable expenses, in order to determine the "reasonable needs" of the child. *E.g., Norton v. Norton,* 76 N.C. App. 213, 332 S.E. 2d 724 (1985); *Walker v. Tucker,* 69 N.C. App. 607, 317 S.E. 2d 923 (1984); *Newman v. Newman,* 64 N.C. App. 125, 306 S.E. 2d 540, *disc. rev. denied,* 309 N.C. 822, 310 S.E. 2d 351 (1983). Furthermore, to properly determine the parents' relative ability to supply the necessary support, the court must hear evidence and make specific factual findings regarding "the parents' income, estates (e.g., savings; real estate holdings, including fair market value and equity; stocks; and bonds) and present reasonable expenses." *Newman* at 128, 306 S.E. 2d at 542. *See Little v. Little,* 74 N.C. App. 12, 327 S.E. 2d 283 (1985); *Walker; Poston v. Poston,* 40 N.C. App. 210, 252 S.E. 2d 240 (1979).

[1]  In the present case, the sole finding of fact regarding a change of circumstances is a general finding that the child is older and that inflation has occurred, which, standing alone, is inadequate to support an order of increased support payments. *See Willis v. Bowers*, 56 N.C. App. 244, 287 S.E. 2d 424 (1982); *Waller v. Waller*, 20 N.C. App. 710, 202 S.E. 2d 791 (1974). Other than an "example" relating to a recent purchase of shoes and clothing costing approximately $150.00, there are no specific findings regarding actual past expenditures or current expenses to support the court's conclusory "finding" that the child's reasonable present expenses are $635.00 per month, or to show that his needs have increased since the prior support order was entered.

Nor do the findings demonstrate any substantial change in the relative ability of the parents to pay support. Although there are findings respecting the incomes, debts, and assets of each parent, some of these are incomplete or involve vague approximations. For example, a finding that defendant has income from rental property fails to state the net amount or to take into account the equitable distribution made of that property in the same order. Moreover, the only findings as to the reasonable expenses of each parent are conclusory unsupported statements that plaintiff has approximate monthly expenses of $875.00 and that the defendant's living expenses are "nominal."

Since the evidence before the trial court is not brought forward in the record, we cannot ascertain whether sufficient evidence was presented from which the trial court could make the additional required findings. Consequently, we vacate that portion of the award modifying child support, and remand so that the trial court may make further findings, hearing additional testimony if necessary, and enter an appropriate order.

III

*Equitable Distribution*

A

[2]  Defendant first contends that because the trial court found facts relating to fault on the part of defendant but failed to award alimony to plaintiff, the court erroneously considered marital fault in the equitable distribution of marital assets, in violation of

the court's ruling in *Smith v. Smith*, 314 N.C. 80, 331 S.E. 2d 682 (1985). This argument is without merit.

Based in part on his findings regarding fault, the trial judge concluded that "technically the Plaintiff should be awarded some permanent alimony," but failed to order alimony due to the "practicality and economics of this case." Furthermore, the court listed in its order the factors it considered in distributing the marital property, and marital fault is not one of them. We find nothing in the record tending to show that the court impermissibly considered fault of either party in the property distribution. This assignment of error is overruled.

B

[3] Defendant next contends that the court erred by failing to include personal property in the equitable distribution of assets. The trial court found as a fact and concluded as a matter of law that "all personal property ha[d] heretofore been mutually divided" and that there was "no reason for the court to address that as an issue." Accordingly, the court divided only the real property of the parties in its order.

Under the equitable distribution statute, the trial court must enforce agreements providing for the distribution of marital property that are "written . . . , duly executed, and acknowledged in accordance with the provisions of G.S. 52-10 and 52-10.1." N.C. Gen. Stat. Sec. 50-20(d) (1984). However, a simple oral division of marital property is not binding on the parties. *See Peak v. Peak*, 82 N.C. App. 700, 348 S.E. 2d 353 (1986); *Weaver v. Weaver*, 72 N.C. App. 409, 324 S.E. 2d 915 (1985). *See also McIntosh v. McIntosh*, 74 N.C. App. 554, 328 S.E. 2d 600 (1985) (contemporaneous inquiry of parties by trial court required before accepting oral stipulations regarding distribution of marital property).

We find no evidence of a written agreement in the record before us, nor any affirmative assurance that the parties were in agreement concerning the division of personal property. Hence, we hold that the trial court's reliance on the parties' oral agreement or existing division of personal property was error and that any marital personal property should have been included in the equitable distribution. That portion of the order relating to the distribution of property is thus vacated. On remand, the trial

court must hear evidence and make findings regarding the existence, nature, and net value of any personal property at the time of separation, and classify that property as separate or marital. Then the court must include the net value of the marital personal property in its equitable distribution of the marital assets.

## C

Defendant further questions the adequacy of findings concerning the marital real estate. He first argues that there are no findings regarding the net value of each parcel of real property. Although the trial court inadvertently omitted from the findings of fact any valuation of the real estate, the court did include in the conclusions of law a value for each property. However, there is no indication whether the value assigned is fair market value, or net value as required by the statute. *See* N.C. Gen. Stat. Sec. 50-20(c) (Cum. Supp. 1985). These errors should be corrected on remand.

Defendant's remaining arguments with regard to the equitable distribution proceeding have been carefully considered and found to be without merit.

## IV

*Attorney Fees*

[4] Defendant also contends that the award of attorney fees to plaintiff's attorney is not supported by sufficient findings of fact. We agree.

An award of attorney fees, pursuant to N.C. Gen. Stat. Sec. 50-16.4, in an action for alimony must be supported by findings that establish that the plaintiff (1) is entitled to alimony *pendente lite* under G.S. 50-16.3, *Presson v. Presson*, 13 N.C. App. 81, 185 S.E. 2d 17 (1971), and (2) is unable to defray the expense of prosecuting the suit. *Davis v. Davis*, 62 N.C. App. 573, 302 S.E. 2d 886 (1983). Before a court may award attorney fees under N.C. Gen. Stat. Sec. 50-13.6 in a proceeding for modification of child support, the court must find as facts (1) that the party seeking modification is acting in good faith, (2) that the party has insufficient means to defray the expenses of the suit, and (3) that the party ordered to pay support has refused to pay support which is adequate under the circumstances existing at the time of the institu-

tion of the action. *E.g., Quick v. Quick,* 67 N.C. App. 528, 313 S.E. 2d 233 (1984).

Once the party's entitlement to attorney fees has been shown, the court then decides, in its discretion, on a reasonable fee. *Peak,* 82 N.C. App. at 706, 348 S.E. 2d at 357. However, the order must contain findings as to the basis of the award, including the nature and scope of the legal services, the skill and time required, and the relationship between the fees customary in such a case and those requested. *See, e.g., id.; Coleman v. Coleman,* 74 N.C. App. 494, 328 S.E. 2d 871 (1985).

Moreover, attorney fees are not recoverable in an action for equitable distribution. *Patterson v. Patterson,* 81 N.C. App. 255, 343 S.E. 2d 595 (1986); *see also Conrad v. Conrad,* 82 N.C. App. 758, 348 S.E. 2d 349 (1986); *In re Deed of Cooper,* 81 N.C. App. 27, 344 S.E. 2d 27 (1986). Because this is a combined action for alimony, child support, and equitable distribution, findings should also reflect that the fees awarded are attributable to work only on the alimony and/or child support actions. *See Patterson* at 262, 343 S.E. 2d at 600.

After careful review, we conclude that the findings are sufficient in the present case to establish that plaintiff is entitled to attorney fees for the legal costs of pursuing her claim for alimony. However, because there is no finding that defendant refused to provide adequate child support under the circumstances existing at the institution of the proceeding, an award of attorney fees for the child support action would be error. In the absence of findings or conclusions indicating to what facet or facets of this case the award is attributable, we are unable to ascertain whether the court erred by awarding fees for equitable distribution or child support. In addition, although attorney fees are appropriate in the alimony action, the award is not supported by any findings as to the time spent, skill required, nature of services, hourly rate, or customary rate. Under these circumstances, this court is unable to review the reasonableness of the award.

For the foregoing reasons, we vacate the award of attorney fees, and remand for a new award based on appropriate findings of fact.

For the reasons stated, those portions of the order from which defendant appeals relating to child support modification, equitable distribution, and attorney fees are vacated, and this cause is remanded to the District Court for further proceedings consistent with this opinion.

Vacated and remanded.

Judges PHILLIPS and GREENE concur.