JOSEPH F. COBB v. MARY F. COBB

No. 916DC393

(Filed 1 September 1992)

1. **Divorce and Separation § 149 (NCI4th)— equitable distribution—joint account—checks for living expenses after separation—advances on share of marital estate**

   The trial court did not err in determining that checks totalling $45,457 written by the husband to the wife from their joint checking account for her living expenses after the date of separation were advances on the wife's share of the marital estate rather than gifts where there was never any alimony or child support order, the checking account was characterized as a marital asset, and there was no evidence that the husband wanted to make a gift of these payments to the wife. N.C.G.S. § 50-20(b)(2).

   **Am Jur 2d, Divorce and Separation § 931; Gifts § 2.**

2. **Divorce and Separation § 123 (NCI4th)— equitable distribution—future value of growing timber—not marital property or distributional factor**

   The future value of timber growing on marital property which will not mature until the year 2007 should not be considered either as marital property or as a distributional factor for purposes of equitable distribution.

   **Am Jur 2d, Divorce and Separation §§ 866, 878, 897.**

   **Divorce property distribution: treatment and method of valuation of future interest in real estate or trust property not realized during marriage. 62 ALR4th 107.**

**3. Divorce and Separation § 143 (NCI4th)— equitable distribution—equal division—presumption—distributional factors**

While there is a presumption under the law of this State that an equal division of marital property is equitable, the finding of a single distributional factor by the trial court under N.C.G.S. § 50-20(c)(1)-(12) may support an unequal division.

**Am Jur 2d, Divorce and Separation §§ 915, 930.**

**4. Divorce and Separation § 161 (NCI4th)— equitable distribution—unequal division**

The trial court did not err in ordering an unequal distribution of marital property where the trial court found the presence of a number of distributional factors, including the husband's payment of property taxes, interest, insurance and repairs on marital property over a period of three years after the parties separated.

**Am Jur 2d, Divorce and Separation §§ 915, 930.**

APPEAL by defendant from order entered 10 December 1990 in BERTIE County District Court by *Judge J. D. Riddick, III.* Heard in the Court of Appeals 18 February 1992.

*Pritchette, Cooke & Burch, by Lloyd C. Smith, Jr., Lars P. Simonsen, and Stephanie B. Irvine, for plaintiff-appellee.*

*Ward and Smith, P.A., by J. Randall Hiner and Bonnie J. Refinski-Knight, for defendant-appellant.*

WYNN, Judge.

Plaintiff and defendant were married on 30 April 1965. Two children were born of the marriage, and both were emancipated adults under no disability at the time of trial. Plaintiff sought an absolute divorce which was granted on 25 May 1989, and an order for equitable distribution was entered on 10 September 1990. From this order of equitable distribution, defendant, Mary Cobb, appealed. Additional facts will be discussed as necessary for a proper resolution of the issues raised on appeal.

I.

[1] Appellant first excepts to the trial court's determination that monies totalling $45,457, paid by the appellee to appellant after

the date of separation, were advances on appellant's share of the marital estate. The trial judge found as fact that since the date of separation, appellee wrote a number of checks to appellant for her living expenses from the parties' joint checking account. These payments, totalling $45,457, were in addition to sums appellee paid for child support. Appellant argues that the trial court committed reversible error because there was no written agreement regarding the payments and because the trial court failed to inquire into the parties' understanding as to whether the checks constituted advances on her part of the marital estate. We disagree.

Appellant relies upon *McIntosh v. McIntosh*, 74 N.C. App. 554, 328 S.E.2d 600 (1985) and *Holder v. Holder*, 87 N.C. App. 578, 361 S.E.2d 891 (1987), to support her first assignment of error. In *McIntosh*, this Court stated the following:

Any agreement entered into by parties regarding the distribution of their marital property should be reduced to writing, duly executed and acknowledged. If . . . oral stipulations are not reduced to writing it must affirmatively appear in the record that the trial court made contemporaneous inquiries of the parties at the time the stipulations were entered into. It should appear that the court read the terms of the stipulations to the parties; that the parties understood the legal effects of their agreement and the terms of the agreement and agreed to abide by those terms of their own free will.

*McIntosh*, 74 N.C. App. at 556, 328 S.E.2d at 602. *See Holder*, 87 N.C. App. at 582, 361 S.E.2d at 894 (holding that the trial court erred in failing to consider the parties' oral division of personal property in its equitable distribution order). We find that the cases relied upon by appellant are inapposite to the facts of the case at bar since appellee did not attempt to prove a binding agreement between the parties regarding the $45,457, and the trial court did make sufficient findings of fact.

Instead, the case before us involves the trial court's determination that checks given from one spouse to another following separation from marital funds are advances rather than gifts. Under N.C. Gen. Stat. § 50-20(b)(2), "property acquired by gift from the other spouse during the course of the marriage shall be considered separate property only if such an intention is stated in the conveyance." As noted by one commentator, section 20(b)(2) "appears to create a presumption that can only be overcome by a 'statement' of a

contrary intent 'in the conveyance.' " Sally Sharp, *The Partnership Ideal: The Development of Equitable Distribution in North Carolina*, 65 N.C.L. Rev. 195, 224 (1987). *See Manes v. Harrison-Manes*, 79 N.C. App. 170, 338 S.E.2d 815 (1986); *Loeb v. Loeb*, 72 N.C. App. 205, 324 S.E.2d 33, *cert. denied*, 313 N.C. 508, 329 S.E.2d 393 (1985).

In the instant case, the trial court treated the $45,457 paid to appellant as a distributional factor under N.C. Gen. Stat. § 50-20(c)(11) or (12). There was never an order of alimony pendente lite, permanent alimony, or child support, and the checking account was characterized as a marital asset. Furthermore, there is no evidence that appellee wanted to make a gift of these payments to appellant. As stated above, interspousal gifts under N.C. Gen. Stat. § 50-20(b)(2), do not become the separate property of the recipient spouse, unless the donor expresses the intention to make a gift. We find this rule applicable to an even greater extent after the parties have separated. We further note, as a matter of public policy, that if we do not allow trial courts to consider such payments as distributional factors, then the spouse with possession of marital property during the period between separation and the order of equitable distribution may seek to hold this marital property exclusively. The trial court, therefore, did not err in characterizing the $45,457 as an advance.

## II.

[2] Appellant also assigns error to the trial court's failure to include the future value of timber on the Phelps Farm as marital property. The evidence presented at trial tended to show that 130 acres of timber were planted on the Phelps Farm during 1972. Appellant presented evidence indicating that the timber would be clearcut in the year 2007, with projected earnings of up to $174,300. Whether the future value of timber, which is planted but will not mature until some years in the future, should be considered for the purposes of equitable distribution is a question of first impression for this Court. For the reasons which follow, we find appellant's contentions to be without merit.

Appellant first argues that the future value of timber on land that is marital property becomes vested during marriage and is subject to equitable distribution in the same manner as deferred compensation. Under N.C. Gen. Stat. § 50-20(b)(1) (1991), pensions, retirement and other deferred compensation rights, for example, may be marital property if vested. Alternatively, "[o]ptions which

are not exercisable as of the date of separation and which may be lost as a result of events occurring thereafter and are, therefore not vested, should be treated as a separate property of the spouse for whom they may, depending upon circumstances, vest at some time in the future." *Hall v. Hall*, 88 N.C. App. 297, 307, 363 S.E.2d 189, 196 (1987).

In the case at bar, we find that the future value of the timber is more analogous to an option which may be lost as a result of future events, as described in *Hall*. Appellee may never realize the future value of the timber if, for example, the trees are destroyed by fire or insects, or if appellee decides to sell the property or to not cut the trees at all. Because we determine that characterizing growing trees as a vested property right is far too speculative, we overrule appellant's assignment of error.

Appellant next asserts that the future value of timber, like passive, post-separation appreciation, is a distributional factor to be considered in equitable distribution. The law governing passive appreciation is well-established in this State. While marital property is valued as of the date of the parties' separation, where there is evidence of active or passive appreciation of marital assets after that date, the court must consider such appreciation as a factor under subdivision (c)(11a) or (12), respectively. *Mishler v. Mishler*, 90 N.C. App. 72, 367 S.E.2d 385, *disc. review denied*, 323 N.C. 174, 373 S.E.2d 111 (1988). Passive appreciation of marital property, however, is limited to appreciation between the date of separation and the date of the order for equitable distribution. *Truesdale v. Truesdale*, 89 N.C. App. 445, 366 S.E.2d 512 (1988); *Siefert v. Seifert*, 319 N.C. App. 376, 354 S.E.2d 506, *reh'g denied*, 319 N.C. 678, 356 S.E.2d 790 (1987).

The trial judge, in the instant case, included the actual value of the land and timber at the date of separation. Because neither party presented evidence of appreciation, if any, between the time of separation and the order for equitable distribution, the trial judge was not required to find the presence of this distributional factor. *See Miller v. Miller*, 97 N.C. App. 77, 80, 387 S.E.2d 181, 184 (1990). The only evidence presented by appellant showed that the passive increase in the value of the timber, if left uncut until the year 2007, would be equal to approximately $174,300. Post-separation appreciation, however, only refers to that which accumulates to the date of the order for equitable distribution, not

fifteen years in the future. If the rule allowed otherwise, parties would attempt to project the future value of any number of items of marital property, and the equitable distribution trial would become overwhelmingly complicated. We, therefore, overrule appellant's assignment of error.

### III.

[3] Appellant further contends that the trial court abused its discretion when it determined that an equal distribution would be equitable but then proceeded to consider post-separation factors which resulted in an unequal distribution. She argues that, once a trial court determines that an equal division is equitable, it is not entitled to examine the distributional factors listed in section 50-20(c) and divide the assets unequally. We disagree.

Section 50-20(c) provides as follows:

There shall be an equal division by using net value of marital property unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property equitably.

N.C. Gen. Stat. § 50-20(c) (1991). While there is a presumption under the law of this State that an equal division is equitable, *White v. White*, 312 N.C. 770, 324 S.E.2d 829 (1985), the finding of a single distributional factor by the trial court under N.C. Gen. Stat. § 50-20(c)(1) to (12) may support an unequal division. *Andrews v. Andrews*, 79 N.C. App. 228, 338 S.E.2d 809, *disc. review denied*, 316 N.C. 730, 345 S.E.2d 385 (1986).

[4] The trial court stated the following conclusion of law in its equitable distribution order:

The Court has not ordered an equitable equal distribution of the net marital estate as of the date of separation because of the period of time from the date of separation on March 20th, 1987, to the date of judgment on September 10th, 1990, but has instead attempted an approximately equal division of the net marital estate after considering and setting forth the facts above and considering them to be factors properly considered under N.C.G.S. Section 50-20(c) (1)-(12).

A careful examination of the record shows that the trial court found the presence of a number of distributional factors. These

factors included appellee's payment of property taxes, interest, insurance, and repairs on marital property over a period of three years. Based on the foregoing, we find that the trial court did not err in ordering an unequal distribution of marital property.

Finally, appellee argues that this Court should amend the trial court's judgment because it contains various mathematical errors. Appellee, however, failed to submit a notice of appeal or assert cross-assignments of error. Because appellee has not complied with the Rules of Appellate Procedure, this Court does not have the jurisdiction to consider appellee's arguments. *See Tiryakian v. Tiryakian*, 91 N.C. App. 128, 137, 370 S.E.2d 852, 857 (1988).

We have examined appellant's remaining assignments of error and find them to be without merit.

The decision of the trial court is,

Affirmed.

Judges ARNOLD and LEWIS concur.