RITA LAVONNE PETTY, PLAINTIFF v. STEVEN L. PETTY AND GEORGE L. PETTY, DEFENDANTS

No. COA08-1447

(Filed 18 August 2009)

**1. Divorce— equitable distribution—findings—valuation of property—supported by evidence**

Findings of fact in an equitable distribution action are conclusive if supported by evidence. The trial court here did not err in the valuation and distribution of jewelry and income tax refunds, or by not assigning value to the alleged conversion of funds that were not deposited into a joint account.

**2. Divorce— equitable distribution—unequal distribution—statutory factors—findings**

The trial court in an equitable distribution action may consider all of the statutory factors and find that an equal division of property would not be equitable, but must make findings setting out its reasons. The decision will not be reversed absent an abuse of discretion.

**3. Divorce— equitable distribution—distributional factors—future inheritance**

North Carolina equitable distribution law does not permit the trial court to consider as a distributional factor a future inheritance through the will of someone not yet deceased, and the trial court here abused its discretion by basing a portion of its award on the possibility that defendant would inherit a house.

**4. Divorce— equitable distribution—unequal distribution— considerations—supported by evidence**

The trial court did not err in an equitable distribution action by considering plaintiff's age, health, contribution to the marital estate, and contribution to defendant's education where the findings were supported by the evidence. The trial court did not abuse its discretion in determining that these factors justified an unequal distribution of marital property.

Appeal by defendant from order entered 27 May 2008 by Judge Martin B. McGee in Cabarrus County District Court. Heard in the Court of Appeals 23 April 2009.

*Hartsell & Williams, P.A., by Christy E. Wilhelm, for plaintiff-appellee.*

*Steven L. Petty pro se.*

BRYANT, Judge.

Steven L. Petty (defendant)[1] appeals from an equitable distribution order entered 27 May 2008. We affirm in part, and reverse and remand in part.

*Facts*

Defendant was married to Rita Lavonne Petty (plaintiff) on 22 August 1970 and separated on 24 July 2006. The only child born of the marriage was an adult at the time of the parties' separation.

On 28 December 2006, plaintiff filed a complaint for equitable distribution of the parties' marital assets and for attorney's fees. In addition to an interest in personal property, automobiles, and other assets, plaintiff also claimed an equitable interest in the home in which the parties resided with defendant's father, George Petty (Mr. Petty).

Testimony presented at the equitable distribution hearing indicated Mr. Petty began to live with the parties after the death of his wife. While living with defendant and plaintiff, Mr. Petty contributed to the monthly household expenses. At some point, defendant and

---

1. Defendant's father, George L. Petty, was made a part of this action solely because of plaintiff's claim for equitable interest to property titled in his name. The trial court determined that plaintiff was not entitled to an equitable interest in George L. Petty's property. Neither plaintiff nor George L. Petty filed notice of appeal to this particular determination.

plaintiff made plans to move to another residence due to problems with their apartment. As a solution, Mr. Petty purchased a home located at 1200 Daybrook Drive, Kannapolis, North Carolina in August of 2003 with a down payment of approximately $32,000 and signed a mortgage for $102,000. Defendant and plaintiff moved into the home along with Mr. Petty, and the parties resumed their living arrangements. Defendant and plaintiff paid the mortgage and other household expenses, and Mr. Petty contributed to the monthly expenses on occasion when needed. No evidence was presented as to the exact amount of Mr. Petty's contributions or the frequency with which Mr. Petty made the contributions to household expenses.

Plaintiff testified that prior to purchasing the home, Mr. Petty's will divided his estate evenly among his seven children and that defendant "took his [inheritance] early" to make the down payment on the house. Plaintiff testified that her understanding of the arrangement with Mr. Petty was that she and defendant would make mortgage payments on the home and, after Mr. Petty died, she and defendant would own the home. Plaintiff also testified that Mr. Petty's will was to be changed to reflect this arrangement.

Mr. Petty testified that the down payment for the house was made with money taken from his account and that he alone signed for the mortgage. Mr. Petty also testified that defendant and plaintiff paid the mortgage sometimes, but that he paid the mortgage whenever they were unable to do so. According to Mr. Petty, if defendant and plaintiff made the payments and continued to do so after his death, the house "would have been theirs." Finally, defendant testified that after Mr. Petty purchased the house, Mr. Petty changed his will to reflect that defendant would inherit the house instead of 1/7th of Mr. Petty's estate at his death.

From August of 2003, until defendant and plaintiff separated, only plaintiff received income. Plaintiff's paycheck was directly deposited into a joint account shared by defendant and plaintiff, and defendant used money from the joint account to pay the parties' bills. During the same time period, Mr. Petty received retirement income and would contribute to the household monthly expenses. Defendant was unemployed and did not make any financial contributions to the household expenses from the time the parties moved into the 1200 Daybrook Drive residence until the parties separated in June of 2006.

On 27 May 2008, the trial court entered an equitable distribution order determining that the parties' marital assets totaled $23,560.64.

**PETTY v. PETTY**

[199 N.C. App. 192 (2009)]

The trial court concluded an uneven distribution of the marital property would be equitable and just given the circumstances and awarded plaintiff $17,787.14, approximately 75.5% of the marital assets; defendant was awarded $5,773.50, approximately 24.5% of the assets.

In its order, the trial court made the following relevant findings:

10. In considering whether an equal distribution would be equitable, the Court has considered all of the evidence relating to the statutory factors set out in [N.C. Gen. Stat. §] 50-20(c), and specifically including the following:

**A. Plaintiff's equitable interest in 1200 Daybrook Drive, Kannapolis, N.C. Residence.**

The Plaintiff and Defendant resided in an apartment when [Mr.] Petty came to live with them. After a period of time, all three parties moved into the Daybrook Drive home. [Mr.] Petty provided the down payment funds to purchase the property and took a mortgage of $102,000.00. The monthly payments ranged from $730.00 to $770.00. The defendant was not working during this time, and the money that the Plaintiff earned paid for the mortgage—except [Mr.] Petty occasionally contributed to the payment. . . . There was no evidence presented regarding how much of the mortgage debt remains outstanding. . . . [Mr.] Petty testified he originally intended to leave his interest in the property to the Defendant if the Defendant and Plaintiff made the mortgage payments. His will currently leaves the property to the Defendant subject to the mortgage on the property. Thus, it is more likely than not that the Defendant will receive the benefit of the equity accumulated in the home as a result of mortgage payments made with money earned by the Plaintiff—a marital asset—from August 2003 to June 2006.

**B. Direct and indirect contributions made by the Plaintiff to help educate the Defendant (JD degree) and develop his career potential.**

During the parties' marriage, the Defendant earned his undergraduate degree, [an] M.B.A. degree from George Washington University, and a J.D. degree from Capital University. The plaintiff worked for most of the time the Defendant was in school. The Defendant, however, also worked during this period.

. . .

**D. During the marriage of the parties, the Plaintiff alleged that she was often the only spouse working and paying the marital debts, despite the Defendant's graduate degree.**

The Plaintiff's employment was more stable than the Defendant's during the parties' marriage. This is especially true since they relocated to North Carolina. In recent years, the Plaintiff has, at times, been employed with two jobs while the Defendant has worked sporadically. The Defendant has provided child care for the parties' grandchildren. The Defendant pointed out that in the last few years he earned more in a three month consulting job than the Plaintiff earned all year with steady employment.

**E. Any other factor which the court finds to be just and proper.**

The Plaintiff is 57 years old and not in good health. She has a limited education and has considerably less earning potential than the Defendant.

The parties spent the retirement funds earned by the Defendant during the parties' marriage.

. . .

14. The Court has determined the following items from Schedule E of the pretrial order are non-marital property and belong to the identified party below:

. . .

C. Owned by [Mr.] Petty:
    E1 1200 Daybrook Drive, Kannapolis[2]

. . .

16. The total marital estate of the parties totals $23,560.64. The Plaintiff should receive $17,787.14 (75.5%) of the marital assets and the Defendant should receive $5,773.50 (24.5%) of the marital assets.

Defendant appeals.

---

2. With this finding, the trial court included the following footnote: "Plaintiff asserts that she has an equitable interest in this real property titled in the name of [Mr.] Petty. The plaintiff has failed to meet her burden of showing, by clear, strong and convincing evidence, the creation of an express, resulting or constructive trust. The facts, as explained above, have been considered as a distributional factor."

On appeal, defendant argues the trial court erred by: (I) determining certain jewelry was marital property in defendant's possession; (II) determining $3,500 held in a bank account was marital property in defendant's possession; (III) determining the cash conversion listed on Schedule D was valued at $0.00 and assigned to defendant; (IV) making an uneven distribution in favor of plaintiff.

## Standard of Review

"The division of property in an equitable distribution is a matter within the sound discretion of the trial court." *Cunningham v. Cunningham*, 171 N.C. App. 550, 555, 615 S.E.2d 675, 680 (2005). When reviewing an equitable distribution order, the standard of review "is limited to a determination of whether there was a clear abuse of discretion." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." *Id.*

Pursuant to N.C. Gen. Stat. § 50-20 (2007), equitable distribution is a three-step process requiring the trial court to "(1) determine what is marital [and divisible] property; (2) find the net value of the property; and (3) make an equitable distribution of that property." *Cunningham*, 171 N.C. App. at 555, 615 S.E.2d at 680 (quotation omitted) (alteration in original).

## I, II, & III

[1] Defendant contends the trial court erred in the valuation and distribution of several items of marital property. We disagree.

Defendant specifically contends the trial court erred by determining the value of a cameo ring and a ruby and diamond ring was $500 and assigning the items to defendant. "In appellate review of a bench equitable distribution trial, the findings of fact regarding value are conclusive if there is evidence to support them . . . ." *Crutchfield v. Crutchfield*, 132 N.C. App. 193, 197, 511 S.E.2d 31, 34 (1999). "This Court is not here to second-guess values of marital and separate property where there is evidence to support the trial court's figures." *Id.* (quoting *Mishler v. Mishler*, 90 N.C. App. 72, 74, 367 S.E.2d 385, 386, rev. denied, 323 N.C. 174, 373 S.E.2d 111 (1988)). Here, plaintiff presented evidence that the diamond and ruby earrings were appraised at $400.00 and the cameo ring's value was approximately $100.00. Also, there was evidence presented that plaintiff possessed the jewelry a few months before the parties separated, but did not take the

jewelry with her after they separated. The trial court's findings of value regarding the jewelry and assigning that value to defendant during distribution of the property was supported by the evidence.

Defendant also contends the trial court erred by distributing two income tax refunds totaling $3,500 and deposited in the First Charter Bank account to plaintiff because the tax refund checks were not included in the pre-trial order. Defendant's contention is without merit. The First Charter Bank account was listed in Schedule D of the Equitable Distribution Pre-Trial Order and valued at $3,500, an amount equal to the value of the tax refund checks. Both plaintiff and defendant testified that plaintiff endorsed the income tax refund checks prior to their separation, and the funds were deposited into the First Charter Bank account. The trial court's finding was supported by the evidence and the trial court did not abuse its discretion by distributing the funds held in the First Charter Bank account to defendant.

Finally, defendant contends that the trial court erred by not assigning value to defendant's allegation that plaintiff committed two acts of conversion—borrowing approximately $1,200 against her 401K account and preventing her payroll check from being deposited in the parties' joint bank account. Plaintiff testified that prior to separation, she stopped direct deposit of her paycheck into the parties' joint account. However, plaintiff also testified that she continued to deposit a portion of her paycheck into the joint account to help pay household bills. Therefore, the trial court did not err by not assigning value to defendant's allegation that plaintiff converted marital funds. *See generally, Lawrence v. Lawrence*, 100 N.C. App. 1, 16, 394 S.E.2d 267, 275 (1990) (determining trial court erred in concluding plaintiff converted marital funds to her own use during the marriage because defendant failed to prove the money was used to purchase assets that were owned on the date of separation). These assignments of error are overruled.

## IV

[2] Defendant finally contends the trial court erred by making an unequal distribution of the marital property. Specifically, defendant contends the trial court erred by considering evidence of defendant's possible inheritance under the will of his father who was still living. Defendant also contends the trial court erred by considering direct and indirect contributions plaintiff made towards defendant's education, plaintiff's contribution to the marital estate, and plaintiff's age and health.

**PETTY v. PETTY**

[199 N.C. App. 192 (2009)]

Pursuant to N.C. Gen. Stat. § 50-20(c), an equal division of marital property is equitable. However, a trial court may consider all the factors listed in § 50-20(c) and find that an equal division of marital property would not be equitable under the circumstances. *White,* 312 N.C. at 776, 324 S.E.2d at 832. The court is required to make specific findings of fact setting forth the reasons for an unequal division. *Albritton v. Albritton,* 109 N.C. App. 36, 42, 426 S.E.2d 80, 84 (1993). If the trial court determines that an unequal division of the property would be equitable, the decision will not be reversed unless an abuse of discretion is shown. *White,* 312 N.C. at 777, 324 S.E.2d at 833.

In the present case, the trial court determined that an equal division of the marital property would not be equitable. The trial court considered each of the factors listed in N.C.G.S. § 50-20(c) and placed great emphasis on factors 7 and 12.[3]

### Defendant's Future Inheritance

[3] The trial court considered plaintiff's claim for an equitable interest in 1200 Daybrook Drive, but determined that plaintiff had failed to establish an equitable interest in the property. *See Upchurch v. Upchurch,* 122 N.C. App. 172, 176, 468 S.E.2d 61, 64 (1996) (burden on party claiming equitable interest in property to establish trust by clear, strong, and convincing evidence).

However, under factor 12, the trial court found that because the evidence showed the payments on the mortgage were made primarily with funds plaintiff earned from her employment, and that defendant was to inherit the property under Mr. Petty's will, that "it is more likely than not that the Defendant will receive the benefit of the equity accumulated in the home as a result of the mortgage payments made with money earned by the Plaintiff—a marital asset[.]" Defendant contends the trial court erred by considering as a distributional factor property he may "possibly" inherit. We agree.

Whether a trial court may consider a party's expectancy under the will of a living parent as a factor in making an equitable distribution is a matter of first impression for North Carolina courts. There is a split in authority among courts of other jurisdictions that have considered this issue. *See, e.g., In re Marriage of Griffin,* 356 N.W.2d 606, 608 (Iowa Ct. App. 1984) ("We do not make property divisions

---

3. Pursuant to N.C.G.S. § 50-20(c), "[t]he court shall consider . . . (7) Any direct or indirect contribution made by one spouse to help educate or develop the career potential of the other spouse. . . . (12) Any other factor which the court finds to be just and proper."

based on speculation of future inheritances."); *Parker v. Parker*, 929 So.2d 940, 946 (Miss. Ct. App. 2005) (holding an expectancy of inheritance is not an asset for equitable distribution purposes); *Hacker v. Hacker*, 659 N.E.2d 1104, 1112-13 (Ind. Ct. App. 1995) (lower court abused its discretion by considering husband's potential inheritance in dividing marital assets); *Johnston v. Johnston*, 815 P.2d 1145, 1148 (Mont. 1991) (district court properly disregarded wife's speculative future inheritance from her father in apportioning marital estate); *Cich v. Cich*, 428 N.W.2d 446, 449 (Minn. Ct. App. 1988) (holding that trial court committed clear error in dividing marital property based on the possibility of husband's future inheritance); *Rubin v. Rubin*, 204 Conn. 224, 237, 527 A.2d 1184, 1190-91 (1987) (approving "the view of those courts that have held evidence of a possible future inheritance to be inadmissible for the purpose of a property assignment or alimony award"); and *In re Marriage of Stephenson*, 460 N.E.2d 1, 2 (Ill. App. Ct. 1983) (trial court properly refused to consider evidence concerning wife's potential inheritance from her mother when dividing marital property). *But see, e.g., In re Marriage of Benz*, 165 Ill. App. 3d 273, 287, 518 N.E.2d 1316, 1324 (1988) (holding that "there is generally no error where a court considers a future or anticipated inheritance when distributing property"); *E.H. v. S.H.*, 59 Mass. App. Ct. 593, 597 n. 7, 797 N.E.2d 411, 414 n. 7 (2003) ("a future inheritance is a mere expectancy and so is not included in a property division" on divorce, but may be considered as a dispositional factor when dividing marital property); and *In re Marriage of Dalley*, 232 Mont. 235, 239-40, 756 P.2d 1131, 1133 (1988) (holding that the lower court did not abuse its discretion by considering that wife would shortly receive a substantial inheritance from her deceased father's estate when dividing the parties' assets).

In the context of an equitable distribution case, property to be considered during the division of assets is defined as property that is "presently owned." *See* Suzanne Reynolds, § 12.18 *Lee's North Carolina Family Law, 5th ed.,* (2002) ("except for a narrow class of property [divisible property], the equitable distribution statute gives the trial court authority over property only if it is owned by the parties at the date of separation."); *see also,* N.C. Gen. Stat. § 50-20(b)(1) (2007) (defining marital property as property acquired by either spouse during the marriage before separation and *presently owned*) (emphasis added); and N.C.G.S. § 50-20(b)(2) (defining separate property as property acquired by a spouse before marriage or acquired during marriage by, *inter alia,* a bequest or devise); 27B C.J.S., Divorce, § 852 ("In order to be 'property' divisible on divorce

or dissolution of marriage, the interest asserted to be property must be in the nature of a present property interest, *rather than a mere expectancy interest.*") (emphasis added); 24 Am.Jur.2d, Divorce and Separation, § 516 ("A court cannot divide property which the parties do not own at the time of its decree although they may acquire it later on.").

An expectancy in an inheritance is not property presently owned. Here, defendant's actual inheritance of the property at 1200 Daybrook Drive is contingent on several factors including whether he survives his father, whether his father discards the property or takes some action that reduces the value of the property, and whether his father changes his will. Defendant's inheritance of the property at issue here is too speculative to be used as a distributional factor. *See Cobb v. Cobb*, 107 N.C. App. 382, 420 S.E.2d 212 (1992) (holding future value of timber that would not mature for a number of years should not be considered as marital property or a *distributional factor*). As this Court stated in *Cobb*, to allow otherwise "the equitable distribution trial would become overwhelmingly complicated". *Id.* at 387, 420 S.E.2d at 215.

Therefore, we hold that North Carolina law does not permit a trial court to consider a party's future inheritance under the will of a person not yet deceased as a distributional factor for purposes of equitable distribution. As such, the trial court abused its discretion by basing a portion of its award on evidence that defendant would possibly inherit the 1200 Daybrook Drive property as set out in Mr. Petty's will.

[4] As to defendant's remaining arguments that the trial court erred by considering plaintiff's age and health, plaintiff's contribution to the marital estate, and plaintiff's contribution to defendant's education, we find no error. The trial court's findings were supported by the evidence and the trial court did not abuse its discretion in determining that these factors justified an unequal distribution of the marital property.

Because we are unable to ascertain the extent to which the trial court based its award on defendant's future inheritance, we must reverse and remand the order for entry of a new order in accordance with this opinion. For the reasons stated herein, the order of the trial court is affirmed in part and reversed and remanded in part for entry of an order consistent with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

Judges GEER and STEPHENS concur.