IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1138

Filed 1 October 2024

Catawba County, No. 22CVD1294

BETH MINTEER KAYLOR, Plaintiff,

v.

JOHNNY GAITHER KAYLOR, Defendant.

Appeal by Defendant from order entered 1 June 2023 by Judge Andrea C. Plyler in Catawba County District Court. Heard in the Court of Appeals 14 August 2024.

*Wesley E. Starnes for Defendant-Appellant.*

*No brief filed for Plaintiff-Appellee.*

COLLINS, Judge.

Defendant Johnny Gaither Kaylor appeals from an equitable distribution order entered after a trial he did not attend. Defendant argues that the trial court erred by finding that an unequal distribution in favor of Plaintiff Beth Minteer Kaylor was equitable, classifying a certain piece of real property as marital, and making insufficient and unsupported findings of fact. We find no merit in Defendant's arguments and affirm the trial court's order.

## I.    Background

Plaintiff and Defendant were married on 11 September 1998 and separated on

30 December 2021. No children were born of the marriage.

Plaintiff filed a complaint against Defendant on 16 June 2022 including a claim for equitable distribution. Defendant filed his answer on 22 August 2022. Case reviews were held on 26 September 2022, 31 October 2022, 28 November 2022, 6 February 2023, 13 March 2023, and 27 March 2023. Defendant, personally or through counsel, failed to attend any of them. At the 27 March 2023 review, the case was scheduled for trial. On 12 May 2023, Plaintiff submitted an equitable distribution affidavit. Defendant failed to submit an equitable distribution affidavit of his own.

A trial was held on 17 May 2023. Defendant, personally or through counsel, failed to attend. The trial court entered an equitable distribution order classifying the parties' property and awarding an unequal distribution of the parties' property in favor of Plaintiff. Defendant appeals.

## II. Discussion

### A. Trial Court's Award of Unequal Distribution

Defendant first contends that the trial court abused its discretion in awarding an unequal distribution in Plaintiff's favor.

Our review of an equitable distribution order "is limited to a determination of whether there was a clear abuse of discretion." *White v. White,* 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citations omitted). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported

by reason." *Petty v. Petty*, 199 N.C. App. 192, 197, 680 S.E.2d 894, 898 (2009) (quotation marks and citation omitted).

N.C. Gen. Stat. § 50-20 (2023) governs the distribution of marital and divisible property upon a couple's divorce. Equitable distribution "is a three-step process requiring the trial court to (1) determine what is marital [and divisible] property; (2) find the net value of the property; and (3) make an equitable distribution of that property." *Id.* at 197, 680 S.E.2d at 898 (quotation marks and citations omitted); *see also* N.C. Gen. Stat. § 50-20.

An equal division of marital property is equitable unless, after considering the factors listed in § 50-20(c) that were raised by the evidence, the trial court finds that an equal division of marital property would not be equitable under the circumstances. *See Truesdale v. Truesdale*, 89 N.C. App. 445, 450, 355 S.E.2d 512, 516 (1988) (citing *White*, 312 N.C. at 776–77, 324 S.E.2d at 832–33). If the court so finds that an equal division is not equitable, it must make specific findings of fact setting forth the reasons for an unequal division. *Albritton v. Albritton*, 109 N.C. App. 36, 41–42, 426 S.E.2d 80, 84 (1993). "The trial court need not make exhaustive findings of the evidentiary facts, but must include the ultimate facts considered." *Mosiello v. Mosiello*, 285 N.C. App. 468, 471, 878 S.E.2d 171, 175 (2022) (quotation marks and citation omitted). The trial court has discretion in determining how much weight to accord to each factor, *id.* at 471, 878 S.E.2d at 176, and a single factor may be sufficient to support an unequal distribution, *Mungo v. Mungo*, 205 N.C. App. 273,

278, 695 S.E.2d 495, 499 (2010).

Here, the trial court found that an unequal distribution in favor of Plaintiff was equitable based on the following:

    a.    The parties were married and lived together for 23 years. The Plaintiff is currently 50 years of age. The Defendant has abused drugs, including methamphetamine, since at least April 9, 2019 at which time he had a heart attack. The Defendant has continued using illicit drugs since suffering the heart attack.

    b.    Prior to April 9, 2019 the Defendant was a hard worker and the parties owned a successful business, Kaylor Electric, which afforded them the ability to purchase valuable real and personal property.

    c.    Since 2016 the Plaintiff performed bookkeeping duties for Kaylor Electric but did not receive income for this service.

    d.    After April 9, 2019 the Defendant allowed his business to deteriorate as a result of his apparent drug use so that, after the date of separation, the Defendant no longer worked at his business. By his actions, the Defendant wasted, neglected and devalued the parties' very successful marital business.

    e.    The Plaintiff preserved marital property by making all of the loan payments due on the real property located at 2220 Withers Rd, Maiden even though the Defendant occupied the residence from the date of separation to the present.

    f.    The Plaintiff preserved marital property by making all of the loan payments due on the real property located at 2204 Withers Rd, Maiden from the date of separation to the present.

g.  The Defendant has not demonstrated the ability or willingness to timely service the debt owed by the parties on the real property which he currently occupies to preserve the same.

h.  The Defendant has not demonstrated the ability or willingness to timely service the debt on the real property distributed to him by the terms of the Order hereafter to preserve the same.

These findings of fact evidence the trial court's consideration of the statutory factors raised by the evidence and are sufficient to support an unequal distribution. *See Truesdale*, 89 N.C. App. at 450, 355 S.E.2d at 516.

Defendant argues that findings of fact (a) and (d) indicate that the trial court erroneously considered marital fault in finding that an unequal distribution was equitable. Defendant, however, mischaracterizes the findings.

Finding (a) addresses factor (3), "[t]he duration of the marriage and the age and physical and mental health of both parties." N.C. Gen. Stat. § 50-20(c)(3). The finding includes the duration of the parties' marriage; Defendant's age; and Defendant's physical health, including his drug abuse and his heart attack.

Finding (d) addresses factor (11a), "[a]cts of either party to maintain, preserve, develop, or expand; or to waste, neglect, devalue or convert the marital property or divisible property, or both, during the period after separation of the parties and before the time of distribution." *Id*. § 50-20(c)(11a). The finding includes Defendant's drug use as to its negative effect on the parties' business and Defendant's resulting inability to preserve marital property by making loan payments. As the challenged

findings addressed factors set forth in N.C. Gen. Stat. § 50-20(c), Defendant's argument lacks merit.

Defendant also argues that the trial court erred by failing to make an express finding as to the total net value of the marital estate.

"While trial courts should make explicit findings regarding the net fair market value of property on the date of separation, a spouse is not necessarily prejudiced by the trial court's failure to state the net value of the property if it is easily ascertained by the trial court's findings[.]" *Mosiello*, 285 N.C. App. at 474, 878 S.E.2d at 178 (citation omitted). Ultimately, the trial court's findings "must be specific and detailed enough to enable a reviewing court to determine what was done and its correctness." *Watson v. Watson*, 261 N.C. App. 94, 97, 819 S.E.2d 595, 598 (2018) (citation omitted).

Here, the trial court made specific and detailed findings as to each piece of property in the marital estate, including each piece of property's date of separation value, date of distribution value, and any debt or encumbrances. From these detailed findings, the net value of the marital estate is easily ascertained, and Defendant is not prejudiced by the trial court's failure to make an explicit finding. Accordingly, the trial court did not abuse its discretion in awarding an unequal distribution in Plaintiff's favor.

## B. Classification of 524 East Main St. Property as Marital Property

Defendant next contends that the trial court erred by classifying the real property located at 524 East Main Street as marital property.

This Court reviews the classification of property during equitable distribution to determine "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Foxx v. Foxx*, 282 N.C. App. 721, 724, 872 S.E.2d 369, 372–73 (2022) (citation omitted). "The trial court's findings of fact are binding on appeal as long as competent evidence supports them, despite the existence of evidence to the contrary." *Kabasan v. Kabasan*, 257 N.C. App. 436, 440, 810 S.E.2d 691, 696 (2018) (citation omitted). The classification of property in an equitable distribution proceeding is considered a conclusion of law and is reviewed de novo. *Romulus v. Romulus*, 215 N.C. App. 495, 500, 715 S.E.2d 308, 312 (2011).

"Marital property" is "all real and personal property acquired by either spouse or both spouses during the course of the marriage and before the date of the separation of the parties, and presently owned[.]" N.C. Gen. Stat. § 50-20(b)(1). "It is presumed that all property acquired after the date of marriage and before the date of separation is marital property[.]" *Id.* This presumption "may be rebutted by the greater weight of the evidence." *Id.* The party seeking to classify an asset as marital bears the initial burden of proof, which may be satisfied by a preponderance of the evidence. *Atkins v. Atkins*, 102 N.C. App. 199, 206, 401 S.E.2d 784, 787 (1991).

Here, the trial court found as follows:

> 20.　During their marriage, the parties purchased a house and lot located at 524 East Main Street, Maiden, North Carolina which is titled in their joint

> names. On the date of separation, the house and lot had a fair market value of $191,000.00. The parties purchased the house and lot as an income producing rental property, however, the Plaintiff does not know if there are renters in the residence nor has she received any rental income from the residence since the date of separation. The date of distribution fair market value is $191,000.00.

Defendant contends that Plaintiff presented no evidence as to the actual date of acquisition of this property and thus, she is not entitled to the marital presumption. Plaintiff, however, listed the 524 East Main Street property in her equitable distribution affidavit as marital property.

Parties to an equitable distribution action must file equitable distribution inventory affidavits. N.C. Gen. Stat. § 50-21(a) (2023). Those affidavits "are deemed to be in the nature of answers to interrogatories propounded by the parties[,]" *id.*, and the answers "may be used to the extent permitted by the rules of evidence." *Id.* § 1A-1, R. 33(b) (2023).

Here, after noting that Defendant had failed to appear at any status conference from 28 November 2022 forward, had not filed his equitable distribution affidavit, and was not present in the courtroom for trial, the trial court asked Plaintiff if she had a motion on her affidavit. Plaintiff moved the trial court to accept the affidavit as a verified pleading and to accept the facts as alleged in the affidavit. The trial court accepted the affidavit as the pre-trial order. Because Defendant failed to appear at the trial, he failed to object to the affidavit's use as substantive evidence and the

trial court accepting the facts alleged in the affidavit. The trial court's finding was thus supported by the evidence, and the trial court did not err by classifying the 524 East Main Street property as marital.

## C. Ad Valorem Taxes

Defendant next contends that the trial court's findings of fact concerning various ad valorem taxes on the parties' property were not supported by competent evidence.

"The trial court's findings of fact are binding on appeal as long as competent evidence supports them[.]" *Kabasan*, 257 N.C. App. at 440, 810 S.E.2d at 696 (citation omitted). Our courts have held that "[t]he subjective opinions of the owner of property as to its value are admissible and competent." *Squires v. Squires*, 178 N.C. App. 251, 259, 631 S.E.2d 156, 161 (2006) (quotation marks and citation omitted).

Here, Defendant contends that the following findings of fact are not supported by competent evidence:

> 53. The parties currently owe ad valorem taxes for the property located at 2220 Withers Rd, Maiden, North Carolina for tax year 2022 in the amount of $1,298.56.
>
> 54. The parties currently owe ad valorem taxes for the property located at 2204 Withers Rd, Maiden, North Carolina for tax year 2022 in the amount of $875.41.
>
> 55. The parties currently owe ad valorem taxes for the property located at 2216 Withers Rd, Maiden, North Carolina for tax year 2022 in the amount of $127.03.

56. The parties currently owe ad valorem taxes for the property located at 524 E. Main St., Maiden, North Carolina for tax year 2022 in the amount of $808.27.

57. The parties currently owe ad valorem taxes for the property located at 3561 Abernathy Williams Rd, Maiden, North Carolina for tax year 2022 in the amount of $97.27.

58. The parties currently owe ad valorem taxes for the property located at 3563 Abernathy Williams Rd, Maiden, North Carolina for tax year 2022 in the amount of $43.00.

Plaintiff, however, listed these taxes in her equitable distribution affidavit. She moved the trial court to accept the affidavit as a verified pleading and to accept the facts as alleged in the affidavit. The trial court accepted the affidavit as the pre-trial order. Defendant failed to appear at the trial; thus, he failed to object to the affidavit's use as substantive evidence and the trial court accepting the facts alleged in the affidavit. Accordingly, the trial court's findings as to the ad valorem taxes on the parties' real property were supported by competent evidence.

**D. Defendant's Failure to File Equitable Distribution Affidavit**

Defendant next contends that the trial court abused its discretion by failing to afford him thirty days from the date he was served with Plaintiff's equitable distribution inventory affidavit to submit his own affidavit, in violation of the local rules of court. Defendant, however, failed to attend the case reviews on 26 September 2022, 31 October 2022, 28 November 2022, 6 February 2023, 13 March 2023, and 27 March 2023; failed to attend the equitable distribution trial; and failed to offer an

equitable distribution inventory affidavit at any point. Defendant has thus failed to preserve this issue for our review. *See* N.C. R. App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context."). The purpose of this rule "is to require a party to call the [trial] court's attention to a matter upon which he or she wants a ruling before he or she can assign error to the matter on appeal." *Lathon v. Cumberland Cnty.*, 184 N.C. App. 62, 68, 646 S.E.2d 565, 568 (2007) (quotation marks and citation omitted). Accordingly, this argument is dismissed. *See Cohen v. McLawhorn*, 208 N.C. App. 492, 497, 704 S.E.2d 519, 524 (2010) (plaintiff waived his argument that the trial court erred by dismissing the action because defendants violated the local rules where plaintiff failed to raise the issue before the trial court).

**E. Finding of Fact 59**

Finally, Defendant challenges finding of fact 59. Specifically, he argues that the first paragraph merely restates Plaintiff's testimony and does not resolve the evidence presented and the second paragraph impermissibly reserves an issue for later hearing.

The challenged finding states as follows:

> The Plaintiff has learned that the Defendant may have fraudulently used a credit card in her individual name and on which he is not an authorized user. The credit card is a

Visa First Nation of Omaha card. The Plaintiff had the credit card for eight years and did not use the card after the parties' date of separation. After filing her Equitable Distribution Affidavit she received a letter regarding the cancelation of another credit card due to delinquency and that is when she discovered the charges on the Visa First Nation of Omaha card which totaled approximately $7,800.00.

The Plaintiff is pursuing means directly with the credit card company to remedy this situation, however, should that route not be productive, the Plaintiff may petition this Court to re-consider distribution of the parties' marital property only as it concerns distribution of this debt and its effect on the distribution ordered hereafter.

The trial court is required to "make written findings of fact that support the determination that the marital property and divisible property has been equitably divided." N.C. Gen. Stat. § 50-20(j). "Findings of fact that merely restate a party's contentions or testimony without finding the facts in dispute are not adequate. It is the duty of the fact finder to resolve conflicting evidence." *Dunlap v. Clarke Checks, Inc.*, 92 N.C. App. 581, 584, 375 S.E.2d 171, 174 (1989) (citation omitted).

Contrary to Defendant's assertion, the first paragraph of this finding is not a mere recitation of Plaintiff's testimony. Rather, the finding shows that the court considered the evidence presented by Plaintiff and found as a fact that her credit card had been charged $7,800.00, despite her not using the card since the date of the parties' separation.

Defendant also contends that, by finding that Plaintiff may petition the court to re-consider the distribution of this specific debt, the trial court erroneously

"reserve[ed] the issue of alleged credit card fraud for later consideration."

Based on its findings of fact and conclusions of law, the trial court ordered, adjudged, and decreed the order to be "a full, final, fair, and equitable distribution of the parties' marital property and debt[.]" This order thus resolves all issues related to equitable distribution, does not reserve the issue of credit card fraud for later consideration in the equitable distribution matter, and gives Plaintiff no more right to petition the court than exists under the law.

### III.    Conclusion

For the reasons set forth above, we affirm the trial court's equitable distribution order.

AFFIRMED.

Judges MURPHY and FLOOD concur.